### SIDNEY RAGSDALE AND CLEOPHIS ARNWINE v. THE STATE.

#### No. 901.   Decided January 18, 1911.

#### Rehearing Denied February 15, 1911.

1.—Burglary—Charge of Court—Words and Phrases.

Upon trial of burglary of two juveniles, there was no error in the court's charge, on the presumption of innocence, in using the phrase "as in all criminal cases."

2.—Same—Dismissal—Discretion—Juvenile Court.

Where, upon trial of burglary the district judge, after a preliminary hearing, found the evidence to establish that both defendants were under sixteen years of age, and thereupon refused to dismiss the case and try them as in the Juvenile Court, but tried them as adult defendants, there was no error, as the statute expressly provides that in the district judge's discretion he can proceed to try any such cause as provided by law.

3.—Same—Juveniles—Practice—Trial of Delinquent Children.

The law governing the trial of juveniles does not require that any difference shall be had in the trial on the juvenile docket and that of the regular docket in the District Court; and where upon trial of burglary it was not shown that any injury resulted to the defendants in this respect, there was no error.

4.—Same—Charge of Court—Definition of Theft.

Where, upon trial of burglary, the court did not technically define theft in a separate paragraph of his charge, but required the jury to believe from the evidence beyond a reasonable doubt every element and fact which is necessary to make one guilty of theft, there was no reversible error.

5.—Same—Charge of Court—Form of Verdict—Oral Charge.

Where, upon trial of burglary of two defendants, the court instructed the jury if they found the defendants or either of them guilty, to assess their punishment or that of either, at a certain number of years in the penitentiary, and that they could convict both or either and assess different punishments as to each, or acquit one or both of them in case of a reasonable doubt, and thereupon instructed them more fully orally as to the form of their verdict, and no complaint was made either to the correctness of the written or the oral charges upon this matter, there was no error. Besides, under Article 753, Code Criminal Procedure, the verdict could have been corrected under oral instructions.

6.—Same—Charge of Court—Place of Confinement.

Under Article 1145, Code Criminal Procedure, as amended by the Act of 1909, with reference to juvenile criminals, the jury is not required as under the former Act to find the age of the defendant or that he is under sixteen

Vol. LXI Crim.—10.

years of age. before he is committed to the State institution for the training of juveniles, or to fix the place of his imprisonment. This was left to the judge; and where the jury were correctly charged, in a trial for burglary, that if their verdict was for conviction and for confinement for five years or less that the judgment and sentence of the court would be that the defendants be confined in the State institution for the training of juveniles, etc., there was no error.

### 7.—Same—Sufficiency of the Evidence—Delinquent Children.

Where, upon trial of burglary of two juveniles, both under the age of sixteen years, the evidence showed that both of them had sufficient discretion to enable them to understand the nature and illegality of the act constituting the offense charged, and that they went into the alleged burglarized house for the purpose of committing the offene of theft, the conviction was sustained; the court having properly charged on this phase of the case.

Appeal from the District Court of Cherokee. Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of burglary; penalty, three years each in the State institution for the training of juveniles.

The opinion states the case.

*R. O. Watkins* and *John C. Box,* for appellant.—On court's refusal to dismiss the case and order same to be tried as provided by law for the trial of delinquent children or juveniles: Chapter 65, General Laws, 30th Legislature, page 137; chapters 54 and 56, General Laws, 31st Legislature, page 100.

On the question of the court's charge in using the phrase "as in all criminal cases" and failing to define the law of theft and give written instructions: Winfrey v. State, 56 S. W. Rep., 919; Chapman v. State, 57 S. W. Rep., 965.

On the court's failure to instruct the jury to say by their verdict where defendant should be confined in case they were found guilty: O'Connor v. State, 37 Texas Crim. Rep., 267, 39 S. W. Rep., 368; Simmons v. State, 50 Texas Crim. Rep., 527, 97 S. W. Rep., 1052; Lewis v. State, 99 S. W. Rep., 1011; Henderson v. State, 50 Texas Crim. Rep., 620, 99 S. W. Rep., 1001; Bates v. State, 50 Texas Crim. Rep., 568, 99 S. W. Rep., 551.

Upon question of court's oral charge: Winfrey v. State, 56 S. W. Rep., 919; Thompson v. State, 29 Texas Crim. App., 208, 15 S. W. Rep., 206.

Upon the insufficiency of the evidence to show discretion and criminal intent: Simmons v. State, 50 Texas Crim. Rep., 527, 97 S. W. Rep., 1052; Price v. State, 50 Texas Crim. Rep., 71, 94 S. W. Rep., 901; Keith v. State, 33 Texas Crim. Rep., 341, 26 S. W. Rep., 412; Parker v. State, 20 Texas Crim. App., 451; Carr v. State, 24 Texas Crim. App., 562.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellants, two negro boys, were jointly indicted for and convicted of burglary and sentenced to con-

finement for three years in the State Institute for the Training of Juveniles. The indictment did not allege their ages.

Before their trial the father of each filed a proper sworn statement in accordance with article 1145, Code Criminal Procedure, as amended by the Acts of 1909, page 100, approved March 17, 1909, that they were respectively under sixteen years of age when they were alleged to have committed the offense, and at the same time their attorneys filed a written motion asking the court to dismiss the case and order them tried as provided by the law for the trial of juveniles and delinquent children. The district judge, himself, heard the evidence under these statements and motion, and held that they were both under sixteen years of age. The evidence clearly established that they were both between the ages of twelve and thirteen years of age. The judge refused to dismiss the case and try them as in the Juvenile Court, but tried them as adult defendants are tried. The first assignment of error is to the action of the judge in refusing to dismiss the case and order it tried as provided for the trial of delinquent children or juveniles.

While said article 1145, Code Criminal Procedure, as amended by the Acts of 1909, page 100, under which this proceeding was had, authorized the judge to "dismiss" or transfer the case to the juvenile record or docket in case he found the defendants were under sixteen years of age, it did not require him to do so, but expressly states, "or the judge of the District Court may, in his discretion, proceed to try said cause as provided by law." Besides this, it is not required by law that any difference shall be had in the trial on the juvenile docket and that of the regular docket. Neither is it shown that any injury resulted in this respect to the appellants by the trial as had. Hence, the lower court did not err as complained.

There is no reversible error in the charge of the judge in using the words "as in all criminal cases," where he charged "the defendants in this as in all criminal cases are presumed to be innocent until their guilt is established by evidence beyond a reasonable doubt," as complained of by appellants' next assignment.

The judge did not, in a separate paragraph, technically define theft, but did clearly require the jury to believe from the evidence beyond a reasonable doubt every element and fact which is necessary to make one guilty of theft. The court's charge on that subject is as follows: "Now, if you believe from the evidence beyond a reasonable doubt that the defendants did, in Cherokee County, Texas, on or about the 13th day of August, 1909, by force or breaking at night, or by breaking in daytime, enter a house occupied by H. P. Tilley, with the intent fraudulently to take corporeal personal property situated in said house and belonging to said Tilley, from his (Tilley's) possession, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of themselves, the defendants, and that defendants at the time of the

commission of such act, had discretion sufficient to understand the nature and illegality of such act, then you will find the defendants guilty as charged in the indictment. Otherwise, if you do not find each and all said facts to be so established you will acquit the defendants." There was no error in the court not defining theft in a separate paragraph or technical definition thereof. All the elements of theft, as said before, were required to be found by the jury before the defendants could be convicted.

By their fourth assignment the appellants complain that the court, by the written charge given, did not give the jury the respective forms of their verdict in case they found the defendants guilty, or not guilty, or one guilty and the other not guilty, etc.; and by their eighth assignment they complain that the court gave an oral charge in addition to the written charge informing the jury of the several forms of verdict they were to render in certain contingencies. We will discuss these assignments together. We deem it unnecessary to quote the full charge of the court. Suffice it to say that to us the charge appears to distinctly set forth all of the law applicable to the case. After giving in substance all of the law applicable to the case and then applying it to the defendants in the particular case, he tells the jury what is essential for them to believe from the evidence beyond a reasonable doubt, and if they believe all that, "then you will find the defendants guilty as charged in the indictment. Otherwise, if you do not find each and all of said facts to be so established you will acquit the defendants, and if you so find said facts as against one defendant but not as to the other, then you will convict the former and acquit the latter. If you find the defendants, or either of them, guilty, you will assess their or his punishment at confinement for not less than two nor more than twelve years; if you convict both you may assess the same or a different punishment as to each." From this charge we believe any ordinary jury could clearly formulate the proper form of verdict in accordance with their findings. However, the record shows that after the court had read his written charge in full to the jury, he stated that he would give verbal instructions as to the form of their verdict and immediately then orally instructed as follows: "If you find the defendants, or either of them, not guilty, let the form of your verdict be, 'We, the jury, find the defendants (or defendant) not guilty,' naming the one (or both) found not guilty. If you find both of the defendants guilty and assess the same punishment against both, the form of your verdict will be, 'We, the jury, find the defendants, Sidney Ragsdale and Cleophis Arnwine, each guilty as charged and assess the punishment of each at confinement for ........ years, filling the blank with the term you assess. If you find both the defendants guilty and assess a different punishment against each, let your verdict state that you find the defendants, naming them, guilty, and let it also state the number of years confinement which you assess

as punishment against each. If you find one of the defendants guilty and the other not guilty, your verdict should state which one is found not guilty and which is found guilty, and the number of years confinement which you assess as punishment against the one found guilty." The defendants and their attorneys were present when all this occurred. No express assent was given to what the judge orally stated to the jury as to the respective forms of their verdict, nor did the defendants or their attorneys at the time make any objection thereto. Nor did they make any complaint until they first filed their motion for new trial, two days after the defendants were convicted, when they set up an objection to this action of the court by their motion for new trial. No complaint is anywhere made in the record by the appellants or their attorneys that these various forms of verdict given to the jury orally by the judge were in any way incorrect or that there was any mistake or error thereabouts.

While it would have been, perhaps, better for the court to have given the forms of verdict in writing instead of orally, we conclude the appellants were in no way injured by this oral instruction. We think it clear, too, that if the jury had gone out without this oral instruction as to the forms of their verdict and had returned into the court a verdict which was informal that article 753, Code Criminal Procedure, clearly authorized the court to then orally call their attention to the informal verdict and then have given them orally the correct form, or had it changed then and there with their consent. Hence, we conclude there was no reversible error shown by either of said assignments.

The fifth assignment complains that the court erred in failing to instruct the jury to say by their verdict where the defendant should be confined. The sixth assignment is to the same effect in a different form, and the seventh, in substance, raises the same question differently. We will discuss these assignments together.

Article 1145, Code Criminal Procedure, as amended by the Acts of 1909, above referred to, is as follows: "Article 1145. When an indictment is returned by the grand jury of any county charging any male juvenile under the age of sixteen years with a felony, the parent, guardian, attorney or next friend of said juvenile or said juvenile himself may file a sworn statement in court setting forth the age of such juvenile at any time before announcement of ready for trial is made in the case. When such statement is filed, the judge of said court shall hear evidence on the question of the age of the defendant, and if he be satisfied from the evidence that said juvenile is less than sixteen years of age, said judge shall have authority to order such prosecution dismissed and to order such juvenile turned over to the Juvenile Court of said county, if there be any such court in said county, in which cases arising under the Juvenile Court laws are tried, through agreement of the judges of the District and County Courts of said county, to be tried in said Juvenile

Court in the manner prescribed by law for the trial of such juveniles in such cases, or the judge of the District Court may, in his discretion, proceed to try said cause as provided by law. If said juvenile be convicted and the verdict of conviction is for confinement for five years or less, the judgment and sentence of the court shall be that the defendant be confined in the State Institution for the Training of Juveniles, instead of the penitentiary, for the term of his sentence, and that such defendant be conveyed to the State Institution for the Training of Juveniles, by the sheriff or any peace officer designated by the court, and there confined for the period of his sentence, provided that such conviction and serving of sentence shall not deprive such defendant of any of his rights of citizenship when he shall become of legal age. If the verdict of the jury be for confinement for a longer period than five years, the defendant shall be confined in the penitentiary as now provided by law for persons convicted of a felony. Provided, that the age of the defendant shall not be admitted by the attorney representing the State, but shall be proved to the satisfaction of the court by full and sufficient evidence that the defendant is less than sixteen years of age, before the judgment of commitment to said institution shall be entered. The officer conveying any defendant to said institution shall be paid by the county in which said conviction is rendered the actual traveling expenses of said officer and defendant and five dollars additional; provided, further, that nothing in this Act shall be held to affect, modify or vitiate any judgment heretofore entered, confining any defendant to the House of Correction and Reformatory, but the unexpired portion of any such judgment shall be fulfilled by the confinement of any such defendant in the State Institution for the Training of Juveniles."

This article is materially different in many respects from the same article as enacted in 1889. Some of these changes are that the jury by this amendment is not required, as it was by the old Act, to find the age of the defendants or that they were under sixteen years of age. The judge himself is to find that. Neither is the jury authorized or required as by the old Act to fix the place of the imprisonment of the defendants. This is also left to the judge, but the jury were correctly and clearly informed by the judge of the court, which was proper, as follows: "If your verdict is for conviction and is for confinement for five years or less, the judgment and sentence of the court will be that the defendants be confined in the State Institution for the Training of Juveniles, instead of the penitentiary, for the term of his sentence; if your verdict is for more than five years, then the judgment and sentence will be confinement in the penitentiary for the term assessed by you."

Under the said article before it was amended in 1909, the appellants' assignments of error we are now discussing would probably have been well taken. These defendants, however, committed the

offense after this article was enacted and were tried and convicted in accordance therewith. So that none of these assignments are well taken.

The ninth assignment questions the sufficiency of the evidence to support the verdict and judgment, on the ground that the evidence fails to show that the defendants or either of them had sufficient discretion to enable them to understand the nature and illegality of the acts constituting the offense charged. And their last assignment claims that the evidence was insufficient to show that the defendants went into the building mentioned for the purpose of committing the offense of theft.

The evidence clearly shows that the witness Tilley, whose storehouse was broken into, had been missing money from his cash drawer and suspected a former employe; that he and the city marshal laid plans to catch whoever this was; that after night and about good dark, the house having been locked up, Tilley secreted himself in the house and the city marshal at some place outside; that the defendants opened the closed fastened door by using some sharp instrument to push back the bar fastening it. This took them about a half hour. As soon as they opened the door they came into the house, passing rapidly by where Tilley was secreted going toward his cash drawer. Before they reached it he halloed when the appellants squatted down under the counter—one of them halloed. He then struck a light and found that the parties who had opened his door and were making toward his cash drawer were the defendants. Soon afterwards the city marshal came in and found Tilley holding the defendants. There was no other evidence explanatory of why these defendants broke into this house, nor why they were making their way rapidly toward Tilley's cash drawer. All of the circumstances detailed by the testimony, on the contrary, indicates that their purpose and object in breaking into this house was to steal, and none other.

The testimony of Wheeler Ragsdale, the father of the Ragsdale defendant, and kinsman of the other defendant, testified that each of the defendants were twelve years old in July, 1909. This offense was committed on or about August 13, 1909. He further testified that the defendants had been going to school off and on since they were within scholastic age—eight years old; that each of them could read, write and figure a little in arithmetic; that both had attended Sunday-School and church; that he had always instructed his son to do right, and from the surroundings he has had, says that he would know right from wrong. That the other boy was old enough to know right from wrong. The city marshal also testified that both boys could write; that he had seen them sign their bonds in this case; that the boy Sidney had hung around a barbershop and about town a good deal—the other defendant not so much, and that the Ragsdale boy had worked also about a sodawater business; that both of them had average intelligence for boys of their age.

The court also on this point correctly instructed the jury as fol-

lows: "No person shall, in any case, be convicted of any offense committed when he was between the ages of nine and thirteen years, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense. When it has been shown that defendants were between nine and thirteen years of age, at the time of the alleged offense, then the burden of proof is upon the State to establish by proof the discretion above referred to, and it is not sufficient for this purpose that the minor defendant knew the difference between good and evil, in general, or that he had the intelligence of ordinary boys of this age, but it is required that the jury must be satisfied by the evidence beyond a reasonable doubt that the defendant had discretion sufficient to understand the nature and illegality of the particular act constituting the offense. But it is not required that this discretion shall be proved by direct and positive evidence; it, like any other fact, may be proven by circumstances." Then by the charge the jury is required to believe all of this beyond a reasonable doubt before they could convict. In the last paragraph the judge gave this charge:

"If you find defendants committed the act charged, but have a reasonable doubt as to whether they had discretion sufficient to understand the nature and illegality of such act, you will acquit the defendants, or such one if not both, as to whom you have such doubt." The evidence was amply sufficient on' the two grounds above complained of. The defendants were present at the trial. The court and jury saw them and could, with the evidence introduced, form a much better opinion than can this court. The jury found them guilty, the judge approved the verdict, overruled the motion for new trial, and in our opinion the evidence amply sustains the verdict and judgment. It will be ordered that the case in all things be affirmed.

*Affirmed.*

[Rehearing denied February 15, 1911.—Reporter.]