Dora Slade .v. The State.

No. 5426.   Decided May 28, 1919.

**1.—Theft—Female Juvenile—Delinquent Child—Practice on Appeal.**

Where defendant was convicted of felony theft on a plea of guilty, and thereupon another attorney presented a motion for new trial, alleging that the defendant was a female under eighteen years of age, and had not been informed of her right under the statute concerning delinquent children, to make this known to the court, and the court overruled the motion after hearing evidence thereon; the bill of exceptions not being filed within term time cannot be considered on appeal. Following Black v. State, 41 Texas Crim. Rep., 185.

**2.—Same—Rule Stated—Practice on Appeal—Presumption.**

When it appears that the trial court heard evidence in overruling the motion for new trial, the presumption is that the facts heard by him justified the conclusion which he reached, and unless the statement of facts or bill of exceptions, preserving the testimony heard on said motion for new trial, is filed during the term at which the case is tried, the same cannot be considered on appeal. Following Probest, 60 Texas Crim. Rep., 609, and other cases.

**3.—Same—Statutes Construed—Delinquent Boys and Girls.**

Chapter 26 of the Acts of the Thirty-fifth Legislature Fourth Called Session, merely changes certain portions of title seventeen of the Code of Criminal Procedure, and the sections not changed by chapter twenty-six are to be read in connection therewith, in ascertaining the ·Legislative will touching delinquent boys and girls, and is to be construed as heretofore decided. Following McLaren v. State, 199 S. W. Rep., 811.

**4.—·Same—Statutes Construed—Female Delinquent.**

The Act of the Legislature, amending title· seventeen, and known as chapter twenty-six, extending the same right to femal juveniles under the age of eighteen, as were heretofore extended to male juveniles, requires that the female juvenile under eighteen years of age charged with a felony, must file a statement in court advising the trial judge of her claim that she is a juvenile, or to exercise her option to be tried under the indictment for felony.

**5.—Same—Statutes Construed—Female Juvenile.**

Under Article 5229, Revised Civil Statutes, it is provided among other things that boys under seventeen years of age upon conviction of a felony, if the penalty is fixed at less than five years, the confinement shall be in the juvenile school, but· in the subsequent enactment mentioned, the Legislature failed to make provision applicable to girls similar to that made in said Article 5229 relating to boys, and there is no provision that authorizes the court to exempt from confinement in the penitentiary, a girl who is convicted of felony and has failed to avail herself of the option to be tried as a juvenile.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of theft over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. B. Childs,* for appellant.—Cited cases in opinion.

*E. A. Berry,* Assistant Attorney General; for the State.

MORROW, JUDGE.—The appellant is under conviction for theft and punishment fixed at confinement in the penitentiary for two years.

She was tried at a term of court beginning January 6 and ending March 1, 1919. She entered a plea of guilty on advice of counsel and after conviction, though another attorney presented a motion for new trial in which she charged that at the time of her trial she was under eighteen years of age and failed to make that fact known to the court because she was not informed of her right under the statute concerning delinquent children. Pleading the same facts she presented a motion in arrest of judgment. The court in overruling the motions recites that, with appellant present in person and by attorney, evidence was submitted upon which the order was entered. The bill of exceptions bringing before this court the evidence upon which the trial judge acted in overruling the motions, was filed May 13, 1919.

In Black's case, 41 Texas Crim. Rep., 185, it was decided that this court was not authorized to consider a statement of facts or bill of exceptions preserving evidence heard on motion for new trial, except in cases in which such statement of facts or bill of exceptions were filed during the term at which the case was tried; that there was no provision of the law under which such facts could be preserved otherwise. This rule has been re-affirmed in numerous instances and from it there has been no departure. See Probest v. State, 60 Texas Crim. Rep., 609.

Under this rule, when it appears that the court heard evidence in overruling the motion for new trial, the presumption on appeal is indulged that the facts heard by him justified the conclusion which he reached. Some of the cases illustrating this principle will be found in Jackson v. State, 78 Texas Crim. Rep., 100, 180 S. W. Rep., 261. Its application in the present instance would be conclusive against the appellant. We have examined the subject, however, and would not be able to reach a conclusion in accord with appellant's views if we were permitted to pass upon the merits of the question.

We find no fault with the view that chapter 26 of the Acts of the Fourth Called Session of the Thirty-fifth Legislature merely changed certain portions of Title 17 of the Code of Criminal Procedure, and that the sections of that Title not changed by chapter 26 are to be read in connection therewith in ascertaining the legislative will touching delinquent boys and girls. That Act was construed in some of its phases, in McLaren v. State, 199 S. W. Rep., 811, and it was there decided, in construing article 1195 of the Code Criminal Procedure, that "a boy under seventeen years of age, charged with a

felony, may if he so elect, rely upon his plea of not guilty and stand his trial upon the charge of felony, taking the chance of conviction or acquittal; or, he may, if he so elect, file his plea setting up the fact that he is under seventeen years of age, which, when established by proof, will require that the court dismiss the felony charge.''

We also undertook to construe part of the Juvenile Law in McLeod's case, 200 S. W. Rep., 395, reaching the conclusion, in substance, that there was no valid provision in Title 17 *supra* which defined a procedure by which females under eighteen years of age, who were charged with a felony, could be tried as delinquents, subsequent to the publication of the opinion stating this conclusion, the Legislature amended Title 17 by the enactment of Chapter 26, above referred to, in which we find the following:

''When an indictment is returned by the Grand Jury of any county charging any female juvenile under the age of eighteen years with a felony, the parent, guardian, attorney or next friend of such juvenile, or said juvenile herself, may file a sworn statement in court at any time before announcement of ready for trial is made in the case. When such statement is filed the judge of said court shall hear evidence on the question of the age of the defendant, and if he is satisfied from the evidence that said juvenile is less than eighteen years of age, said judge shall dismiss such prosecution and proceed to try the juvenile as a delinquent child, under the provisions of this act.

''If said juvenile be found to be delinquent, and sentence be not suspended as provided in the laws of this State in cases of felony on first offense, defendant on conviction shall be committed to the Girl's Training School, upon an indeterminate period not extending beyond the time that such juvenile will reach the age of twenty-one years. and the jury trying the case shall state in their verdict the time and place of commitment.''

And since this language is the same as that construed in the case of McLaren v. State, *supra,* except that this relates to a female and that related to a male, it must be assumed under well defined rules of statutory construction that the interpretation of the language as made by the court in McLaren's case expresses the legislative intent. See authorities in Lewis v. State, 58 Texas Crim. Rep., 351.

If we are not mistaken in this conclusion, the right of appellant, she being under eighteen years of age and charged with a felony, was to file a statement in court advising the judge of her claim that she was a juvenile, or to exercise her option to be tried under the indictment for felony.

Counsel insists that the Juvenile Acts disclose the policy on the part of the law-making power to exempt delinquent children from confinement in the State penitentiary, and that even though there is a failure to follow the procedure named by the Legislature and bring to the court's attention the claim of one accused of felony to be

tried as a juvenile, that the policy of the Legislature should, nevertheless be given effect by refusing to send to the penitentiary any person accused of a felony who is in the statutory definition of delinquent children. To do so, the court would make, rather than construe, the law, and bring on the public evils much greater than those they seek to remedy.

The extent to which the Legislature has undertaken to exempt juveniles from confinement in the penitentiary occurs to us as plainly expressed in the statutes. Article 5229 in effect declares that boys under seventeen years of age who are charged with felonies and who do not claim the privilege of trial as juveniles may be sent to the penitentiary where the conviction condemns them for a period greater than five years. The same statute provides that upon such conviction, if the penalty is fixed at less than five years, the confinement shall be in the juvenile school. Attention was called to this in McLaren's case *supra,* and to the absence of similar provisions with reference to girls was adverted to in McLeod's case. In the subsequent enactment mentioned the Legislature made changes in the law but failed to make provision applicable to girls similar to that made in article 5229 relating to boys. So that so far as we are aware there is no provision which authorizes the court to exempt from confinement in the penitentiary a girl who is indicted for a felony and fails to avail herself of the option to be tried as a juvenile. The discrimination between the two classes, boys and girls, if wrong is for the Legislature and not the courts to remedy.

The judgment is affirmed.

*Affirmed.*