TROY "COTTON" RICE V. THE STATE.

No. 20341. Delivered May 3, 1939.

The opinion states the case.

*A. C. Chaney,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for five years.

Appellant was convicted on the first of. March, 1937, of the offense of burglary of a railroad car, and his punishment assessed at confinement in the penitentiary for five years, with sentence suspended. On the second day of June, 1938, appellant was convicted of a felony in Brown County, Texas, being at the time over 17 years of age. Upon such subsequent conviction the suspended sentence which he had theretofore received was revoked and sentence duly pronounced. Upon the hearing appellant offered proof to the effect that he was under the age of 17 years at the time of his conviction on the first of March, 1937. At the time of the first conviction no sworn statement that appellant was a juvenile was made, either by his parents or himself. There is no suggestion in the record of any fraud having been perpetrated against appellant. The indictment did not allege his age to have been within the juvenile limits. We quote Art. 1084, C. C. P., as follows: "If an indictment does not alleged the age of the accused to be within the juvenile limits, then at any time before announcement of ready, the accused, or the parent, guardian, attorney or next friend of the accused may make and file an affidavit in court setting up that such accused is a male then under seventeen years of age, or is a female then under eighteen years of age. When such affidavit is filed, the judge shall hear evidence on the question of the age of the accused, and if he is satisfied therefrom that the accused, if a male is then under the age of seventeen years, or if a female is then under the age

of eighteen years, the judge shall transfer the case to the juvenile docket, and proceed to try the child under the same indictment as a delinquent child."

In Valdez v. State, 265 S. W. 161, it was held that, in the absence of some fraud perpetrated against the accused, ordinarily the question of juvenility could not be raised for the first time in motion for new trial. In speaking for the court, Judge Hawkins used language as follows: "The question is one of preliminary character to be presented to and passed upon by the trial judge upon proper sworn statement before plea to the indictment is entered." See Robertson v. State, 243 S. W. 1098.

Giving effect to the announcement of the decisions, we are constrained to hold that the question of juvenility could not be raised for the first time when the court pronounced sentence upon the appellant.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.