## EX PARTE MANUEL MUNOZ.

No. 24042. March 17, 1948.
Rehearing Denied April 7, 1948.
Appealed to the United States Supreme Court.
Mandate of the United States Supreme Court, Dismissing
Appeal for Want of Federal
Question, Filed November 13, 1948.

Hon. Langston G. King, Judge Presiding.

*J. S. Bailey, Jr.,* and *D. A. Fraser,* both of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,*

Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator contends herein that he is but sixteen years of age; that heretofore on January 16, 1948, he pleaded guilty in the District Court of Harris County to an indictment charging robbery by assault as well as pleading guilty to a further case of robbery by assault, and received a penalty and sentence of five years in each case, the term running concurrently; that no appeal was taken from either judgment finding his guilt of robbery; and that after such pleas of guilt and the adjournment of the terms of court in which these judgments were entered, he ascertained that he was only sixteen years old and not seventeen years of age as he had theretofore believed himself to be, and as he had told the trial court at the time of his trial. Therefore, he contends that he being a juvenile, any judgment of the court sentencing him to the penitentiary was void and of no effect and can be attacked by a writ of habeas corpus; that upon such a showing of his age, the trial court should have turned him over to the juvenile court.

We have recently written upon a matter practically identical to the proposition here urged in Ex parte Huddleston, 194 S. W. (2d) 401.

In the present case, it is shown that relator, when brought before the District Judge, gave his age as seventeen years, and he claimed to have been under the impression that such was his age until his baptismal certificate was found; that upon same being filed with the proper authorities, he was issued a birth certificate showing him to be but sixteen years of age at the time of the trial and at the present time. The birth certificate was issued on January 24, 1948, and the trial on the indictment was had on January 16, 1948. However, the birth certificate was not presented to the trial judge during the term of court at which the relator was tried and sentenced, such term expiring on January 31, 1948.

Relator's attorney testified herein, and his testimony shows that the relator, as well as relator's father, told him at the time of the trial that relator was seventeen years old and he believed them until they told him about the baptismal certificate and the birth certificate, which was prior to the time the court had adjourned, but he did not have possession thereof until after the term of court had expired.

In the case of Ex parte Huddleston, supra, we held as follows:

"It is quite obvious from the facts certified by the trial judge that nothing was brought to his attention from which he could have 'ascertained' that relator was under seventeen years of age, requiring a transfer of the case to the Juvenile Court. Therefore, the trial judge properly proceeded to dispose of the case under the plea of guilty. The question then before us is: Can relator in a habeas corpus proceeding set aside this judgment which is regular upon its face and entitled to full faith and credit?

"That an accused is not permitted to resort to habeas corpus, thereby substituting it for an appeal, is too well established to excuse more than a reference to the authorities. See 21 Tex. Jur., Sec. 8, p. 426, and authorities cited: Branch's Ann. Tex. P. C., Sec. 239, p. 151, and authorities cited; Ex parte Banspach, 130 Tex. Cr. R. 3, 91 S. W. (2d) 365. If it had been a contested issue upon the trial of relator whether he was over or under seventeen years of age and that issue had been determined against him, and no appeal taken, surely he would not be permitted in a habeas corpus proceeding to seek a new trial, or release from the effect of the judgment of conviction, upon the ground that new evidence was available on the question of his age. Upon relator's trial on his plea of guilty the question of his age was not contested, but it is evident from the certificate of the trial judge that the question had attention. In his confession relator stated that he was seventeen years old, and upon the trial testified before the court to the same effect."

Upon the authority of that case, the judgment herein is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing it is vigorously argued that the facts of this case show the judgment below to be void, for which reason it is further insisted that this Court has jurisdiction of the case.

In the first place, the evidence in this proceeding was heard by the District Judge who, in his order, says: "I proceeded to hear the said application. And after having examined the Writ and the return of the respondent Neal Polk, and all papers and documents attached thereto, and having heard the testimony

offered on both sides, I am of the opinion that legal cause has been shown for the imprisonment or restraint of the said Manuel Munoz." He then grants the writ made returnable to this Court, but remands the appellant to the custody of the sheriff to await the determination of the question presented.

The original opinion herein disposes of every question of which this Court should take notice and it is not necessary to write further. We do observe, however, that the effort is made to have this Court set aside all prevous decisions of the Court on the subject. This is based on the contention that the so called Juvenile Act supercedes the law of procedure laid down by the legislature, which this Court has so many years followed. We find no support for this contention. The act referred to is found on page 316, General Laws of 1943, and specifically provides for the transfer of a case if it should be ascertained during the pendency of an indictment that the accused is a male person under the age of 17 at the time of trial for the alleged offense. There is no provision for reopening a case and granting a new trial and constituting this Court a trial court to hear the evidence, as contended by appellant. The Court of Criminal Appeals has appellate jurisdiction. It is a court of review. Procedure is directed by acts of the legislature. The fact that it is a court of last resort, and its holdings are not reviewable by any other court except when a federal question is raised, would not justify the Court in exceeding its constitutional and statutory authority. Such contention cannot be sustained.

The original opinion properly disposed of the appeal and the the motion for rehearing is overruled.