**Donna Kay BANNISTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50633.**

Court of Criminal Appeals of Texas.

June 1, 1977.

W. John Allison, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton and Dan P. Garrigan, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On July 8, 1974 the appellant, Donna Kay Bannister, entered a guilty plea in the Criminal District Court of Dallas County under the false name of Tasha Diane Williams to the offense of burglary of a habitation, a first degree felony. The record before us reflects that she gave her age as 19 or 20 and led her court-appointed counsel to believe she was 22 years of age. It appears, however, at the time she was only 15 years of age and was an escapee from the Gainesville State Training School. After receiving a five (5) year probated sentence, she and a friend, who also received probation, decided not to report to the probation officer as required. Apparently they were later returned to Gainesville and only subsequently was she brought before the court for revocation of probation. Then for the first time she claimed she was in fact Donna Kay Bannister and at the time of her guilty plea she was only 15 years of age. Her appointed counsel offered a birth certificate reflecting February 2, 1959 as her birth date and claimed the District Court was without jurisdiction and never acquired the same as there was never a discretionary transfer of jurisdiction from the Juvenile Court and won a stipulation from the State that such transfer had never occurred. The District Court overruled the jurisdictional plea and revoked probation. This appeal followed.

In view of V.T.C.A., Family Code, § 54.02, § 51.08 and § 51.09, and V.T.C.A., Penal Code, § 8.07, it appears that the appellant has played the game of "courts" and won. It does not appear that under these statutes the appellant waived her rights to be tried as a juvenile despite her actions in misleading the trial court at the time of her conviction.

It may be well to take a look as to how we arrived at this unusual set of events.

Prior to 1889, all persons convicted of a felony unless under the age of nine or between the age of nine and thirteen and having insufficient discretion to understand the nature and illegality of the alleged act were liable to the same punishment. Penal Code of 1856, Article 36.

By Acts April 2, 1889, p. 95, ch. 12, incorporated into the 1895 Code of Criminal Procedure as Articles 1145 and 1146, it was for the first time required that when a male person under the age of sixteen years was convicted of a felony and his punishment was assessed at imprisonment for five years or less he should not be confined in the penitentiary but in the reformatory established and located at Gatesville. Article 1145, supra, as amended in 1909 (Acts of 1909, p. 100), provided a procedure for raising the question of juvenility. It provided that when an indictment is returned charging a male juvenile under the age of sixteen years with a felony the parent, guardian, attorney or next friend of the juvenile or the juvenile himself may file a sworn statement setting forth the age of the juvenile at any time before the announcement of ready is made.

This statute was interpreted in *Ragsdale v. State*, 61 Tex.Cr.R. 145, 134 S.W. 234 (Tex.Cr.App.1911). There, sworn statements were filed showing that the two defendants were twelve and thirteen years of age. The court nevertheless in its discretion tried the defendants as adults and the conviction of *Ragsdale* was upheld on appeal since Article 1145, supra, provided that the judge could, upon determining juvenility, dismiss the prosecution and transfer the defendant to juvenile court "or the judge of the district court may, in his discretion, proceed to try said cause as provided by law."

The Code of Criminal Procedure was revised in 1911 and former Articles 1145 and 1146 became Articles 1195 and 1196. Article 1195 was amended in 1913 raising the

age of male juveniles to seventeen years, providing for the same procedure for raising the question of age but removing the discretion formerly given the trial court.

In *McLaren v. State*, 82 Tex.Cr.R. 449, 199 S.W. 811 (Tex.Cr.App.1917), the court did indeed interpret the amendment as removing any discretion on the trial judge's part and making it mandatory that the juvenile must be tried as a delinquent if the question of age was raised and established. The court in *McLaren* discussed the possibility that a juvenile might waive his rights:

". . . A boy under 17 years of age charged with a felony may, if he so elect, rely upon his plea of not guilty and stand his trial on the charge of felony, taking the chances of conviction or acquittal; or he may, if he so elect, file his plea setting up the fact that he is under 17 years of age, which, when established by proof, will require the court to dismiss the felony charge. . . ." *McLaren v. State*, supra, 199 S.W. at p. 813 (Opinion on Motion for Rehearing).

In *Slade v. State*, 85 Tex.Cr.R. 358, 212 S.W. 661 (Tex.Cr.App.1919), a female defendant, under eighteen years of age, entered a guilty plea to theft and was convicted. For the first time on motion for new trial she raised the question of her age and right to be tried as a juvenile. The statute involved was in Title 17, ch. 26 of the Code of Criminal Procedure (1916). Except for the age being eighteen rather than seventeen for boys, the statute was in all particulars identical to that for males which was interpreted in *McLaren v. State,* supra. The court in *Slade* held that the same result must obtain; that is, that the right to be tried as a juvenile could be waived and could not be raised after the trial had commenced.

In *Fifer v. State*, 90 Tex.Cr.R. 282, 234 S.W. 409 (1921), no sworn statement of the defendant's age was filed before the announcement of ready, even though the defendant was represented by counsel and accompanied by his mother. The court held that the defendant had waived his right to be tried as a juvenile. No authorities were

cited, but the court noted the point was "well settled."

The next consideration of this issue was in *Valdez v. State*, 98 Tex.Cr.R. 166, 265 S.W. 161 (1924), where once again there was no sworn statement as to age filed prior to trial. Relying on *Slade* and *Fifer*, the court once again held the right to be tried as a juvenile was waivable. The court also held that in absence of fraud against the defendant the question of age could not be raised for the first time by a motion for new trial. The court also noted the question is one of preliminary character to be presented to and passed upon by the trial judge, not the jury, citing *Robertson v. State*, 92 Tex.Cr.R. 350, 243 S.W. 1098 (1922).

In 1925 a revision of the Code of Criminal Procedure occurred. The new provision governing the issue of juvenile defendants was Article 1084, Vernon's Ann.C.C.P., 1925, which stated:

"If an indictment does not allege the age of the accused to be within the juvenile limits, then at any time before announcement of ready, the accused, or the parent, guardian, attorney or next friend of the accused may make and file an affidavit in court setting up that such accused is a male then under seventeen years of age, or is a female then under eighteen years of age. When such affidavit is filed, the judge shall hear evidence on the question of the age of the accused, and if he is satisfied therefrom that the accused, if a male is then under the age of seventeen years, or if a female is then under the age of eighteen years, the judge shall transfer the case to the juvenile docket, and proceed to try the child under the same indictment as a delinquent child."

*Rice v. State*, 137 Tex.Cr.R. 21, 127 S.W.2d 889 (1939), cited Article 1084, supra, and held that if age is not alleged in the indictment then the question must be raised by affidavit prior to the announcement of ready. The court held that the defendant could not wait until the time for revocation of his suspended sentence to raise the ques-

tion of age. *Valdez* and *Robertson* were cited with approval.

The statutes governing the trial of juveniles were removed from the Code of Criminal Procedure in 1943 and placed in the civil statutes. Article 2338–1, Vernon's Ann. C.S., became the delinquent children statute, and § 12 of that statute was the descendant of the provisions which have been considered heretofore:

"If during the pendency of a criminal charge or indictment against any person in any other court than a Juvenile Court, *it shall be ascertained* that said person is a female over the age of ten (10) years and under the age of eighteen (18) years, or is a male person over the age of ten (10) years and under the age of seventeen (17) years at the time of the trial for the alleged offense, it shall be the duty of such court to transfer such case immediately together with all papers, documents and testimony connected therewith to the Juvenile Court of said county . . . ." (Emphasis added.)

*Ex parte Huddleston*, 149 Tex.Cr.R. 388, 194 S.W.2d 401 (Tex.Cr.App.1946), focused on the language from this statute that "if it shall be ascertained" that a male defendant is between the ages of ten and seventeen then the case is to be transferred to juvenile court. At trial Huddleston testified he was seventeen years old. His confession was to the same effect. No appeal was taken. He later sought habeas corpus relief because he was actually fifteen years old when convicted. The court held that the defendant could not raise the age question by habeas corpus proceedings.

*Ex parte Munoz*, 152 Tex.Cr.R. 413, 209 S.W.2d 767 (1948), cited *Ex parte Huddleston*, supra, with approval. Here, Munoz and his father told counsel he was seventeen years old. After trial counsel learned of a birth certificate showing Munoz was sixteen years old, but he did not have possession of the certificate until after term time. The court held that the plea of guilty could not be attacked in habeas corpus proceedings on the ground that petitioner was a juvenile at the time of the conviction.

No authorities were cited in *Jones v. State*, 157 Tex.Cr.R. 382, 248 S.W.2d 928 (1952), but the holding is certainly in line with the precedents already discussed:

". . . If appellant was not of sufficient age to authorize his conviction of a felony, he should have so shown."

In *Taylor v. State*, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962), it was held the trial court was not bound to set aside a conviction upon a showing, after revocation of probation, that the defendant was of juvenile age and not seventeen years old as he had represented at trial. *Taylor* cited *Huddleston, Munoz, Valdez, Fifer* and *Rice* with approval, but no mention of the statute was made.

In *Ex parte Nolden*, 172 Tex.Cr.R. 553, 360 S.W.2d 151 (1962), it was held that a rape conviction could not be successfully attacked by habeas corpus proceedings that petitioner was under seventeen years of age at his trial in 1938 where that issue was not raised at trial. *Ex parte White*, 50 Tex. Cr.R. 473, 98 S.W. 850 (Tex.Cr.App.1906); *Fifer v. State*, supra; and *Ex parte Munoz*, supra, were cited with approval, but the statute was not mentioned.

*Bradley v. State*, 365 S.W.2d 789 (Tex.Cr. App.1963), cited only *Jones v. State*, supra, for its holding, "If appellant was not of sufficient age to authorize his conviction for a felony, he should have so shown on the main trial."

In *Slaton v. State*, 418 S.W.2d 508 (Tex. Cr.App.1967), a prior conviction which occurred when the defendant was a juvenile but had not raised the issue was revealed to the jury during the punishment phase of a subsequent trial. Referring to *Taylor v. State*, supra, and "cases cited therein," the court held that the prior conviction was not void and could therefore be shown. In a similar manner in *McKinney v. State*, 505 S.W.2d 536 (Tex.Cr.App.1974), the showing of a conviction received in Kansas when the defendant had been a juvenile was allowed since the court assumed in lieu of evidence to the contrary produced at trial that Kansas law was the same as Texas and that a

felony conviction received while a juvenile was not void. *Taylor v. State*, supra, and *Slaton v. State*, supra, were the only authorities cited.

The final change in Article 2338–1, Vernon's Ann.C.C.P., occurred in 1967 before the enactment of the new Family Code. The 1967 amendment to § 12 of Article 2338–1 provided in part:

"If, while a criminal charge or indictment is pending against any person in a court other than a juvenile court, it is ascertained that the person is a child at the time of the trial for the alleged offense, it is the duty of the court in which the case is pending to transfer the child immediately together with all papers, documents, and records of testimony connected with the case to the juvenile court of the county unless the child is being held under the authority of Section 6 of this Act. . . ."

The amendment took note of the fact there was no longer any difference in the ages of females and males with regard to being a child or a juvenile. § 6 of the statute referred to provides the procedure for the juvenile court to transfer and waive jurisdiction of the child sometimes referred as discretionary transfer.

In the six years from the amendment of Article 2338–1, § 12, supra, and the passage of V.T.C.A., Family Code, § 51.08, which superseded it, no cases apparently interpreted this provision with respect to the waiver of a right to be tried as a juvenile.

Consistently through these prior opinions the court has held that the rights of a juvenile defendant to be tried as a juvenile may be waived. The determination of whether a defendant should be tried as a juvenile has been termed a question "of preliminary character" which, if not raised during or before trial, was lost. In each of the progression of statutes and amendments, the defendant or some other person was required to raise the issue before the announcement of ready for trial, or later in Article 2338–1, supra, the determinant of waiver was whether "during the pendency of a criminal charge or indictment" it was

"ascertained" that a person should be not tried as an adult. Though in several of this court's opinions the statutes were not specifically referred to, certainly behind the precedents which were cited lay these statutory provisions requiring a defendant to raise the issue or from some other source for the trial court to ascertain that the defendant was a juvenile.

### Interpretation of Present Statute

The present statute, effective September 1, 1973, reads as follows:

"Sec. 51.08. Transfer from Criminal Court

"If the defendant in a criminal proceeding is a child who is charged with an offense other than perjury or a traffic offense, unless he has been transferred to criminal court under Section 54.02 of this code [dealing with waiver of jurisdiction by the juvenile court and transfer to a district court], the court exercising criminal jurisdiction shall transfer the case to the juvenile court, together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case, and shall order that the child be taken to the place of detention designated by the juvenile court, or shall release him to the custody of his parent, guardian, or custodian, to be brought before the juvenile court at a time designated by that court."

This statute was in effect when the appellant herein entered her guilty plea to the burglary of a habitation in 1974. The statute is silent as to the procedure for raising the question of age "in a criminal proceeding" and no longer mentions the "if . . it be ascertained" provision of the former statute.

V.T.C.A., Family Code, § 51.09, also in effect at the time of appellant's guilty plea, sets forth the requirements for a waiver if a child or juvenile wishes to waive rights enumerated in the Family Code. It provided:

"Unless a contrary intent clearly appears elsewhere in this title, any right granted

to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

"(1) the waiver is made by the child and the attorney for the child;

"(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

"(3) the waiver is voluntary; and

"(4) the waiver is made in writing or in court proceedings that are recorded." [1]

The appellant by not informing her attorney or the court of her actual age at the time of her guilty plea would have "waived" her right to be tried as a juvenile under past decisional laws. However, this "waiver" was not in accordance with V.T.C.A., Family Code, § 51.09, supra.

At the time of the guilty plea, appellant was within the definition of a "child" as defined by V.T.C.A., Family Code, § 51.02, which provides in part:

"In this title:

"(1) a 'Child' means a person who is:

"(A) ten years of age or older and under 17 years of age; or

"(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age." [2]

Moreover the juvenile court is given exclusive original jurisdiction over proceedings under Title 3 of the Family Code. See V.T.C.A., Family Code, § 51.04. And V.T.C.A., Family Code, § 54.02, provides for the procedure for waiver of juvenile court jurisdiction and discretionary transfer to criminal court.

Most important to the decision before this court are the provisions of V.T.C.A., Penal Code, § 8.07 (Age Affecting Criminal Responsibility) in effect at the time of appellant's guilty plea. It provided:

"(a) Except as provided by Subsection (c) of this section, a person may not be prosecuted or convicted for any offense that he committed when younger than 15 years.

"(b) Except as provided by Subsection (c) of this section, a person who is younger than 17 years may not be prosecuted or convicted for any offense, unless the juvenile court waives jurisdiction and certifies him for criminal prosecution.

"(c) Subsections (a) and (b) of this section shall not apply to prosecutions for:

"(1) aggravated perjury, when it appears by proof that the actor had sufficient discretion to understand the nature and obligation of an oath;

"(2) a violation of a penal statute cognizable under Chapter 302, Acts of the 55th Legislature, Regular Session, 1957, as amended; or

"(3) a violation of a motor vehicle traffic ordinance of an incorporated city or town.

"(d) No person who has been adjudged a delinquent child may be convicted of any offense alleged in the petition to adjudge him a delinquent child or any offense within the knowledge of the juvenile proceeding.

"(e) No person may, in any case, be punished by death for an offense committed while he was younger than 17 years." [3]

It is clear when the foregoing provisions of the Family Code are read with said § 8.07 of the Penal Code that the district court did not have jurisdiction to try appellant for burglary of a habitation in view of her age despite her deliberate action in misleading the court. Such action under the foregoing statutes did not constitute

1. Said § 51.09 was amended (Acts 1975, 64th Leg., p. 2154, ch. 693, § 9, effective Sept. 1, 1975). Said amendment is not applicable to the case at bar.

2. Said § 51.02 has been amended (Acts 1975, 64th Leg., p. 2152, ch. 693, § 1, effective Sept.

1, 1975). Said amendment does not affect the definition of a "child" above.

3. Said § 8.07 was amended (Acts 1975, 64th Leg., p. 2158, ch. 693, § 24, effective Sept. 1, 1975).

waiver.[4] The fact that appellant's age was not discovered until the time of revocation of probation proceedings does not change the situation. The district court simply did not acquire jurisdiction over the appellant, and we need not, in my opinion, determine whether the revocation proceedings are criminal proceedings for the purpose of determining the question before us.

The trial court should have transferred the case to the juvenile court upon learning appellant's true age.

Since it now appears that the appellant became eighteen years of age on February 2, 1977, even the juvenile courts cannot exercise jurisdiction over her. V.T.C.A., Family Code, § 54.05(b).

Whether the drafters of the Family Code and Penal Code intended to allow "a child" to benefit from a fraud upon the court the statutes had such effect in the case at bar.

The judgment is reversed and the cause remanded.

See also Tex.Cr.App., 552 S.W.2d 136.

4. It would appear that even if appellant had waived her rights in accordance with V.T.C.A., Family Code, § 51.09, some question would remain about the district court's right to try her in light of V.T.C.A., Penal Code, § 8.07(b), requiring waiver of jurisdiction by the juvenile court and certification for criminal prosecution. We need not reach this question in this case.