Robin CORDARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 62376.

Court of Criminal Appeals of Texas, Panel No. 3.

March 19, 1980.

Rehearing Denied April 30, 1980.

Gerald M. Birnberg and William E. Yahner, Houston, for appellant.

Mac Smith, Dist. Atty., and Dan Carney, Asst. Dist. Atty., Weatherford, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation.

On November 1, 1971, appellant pleaded guilty before the 43rd District Court to selling lysergic acid diethylamide. Punishment was assessed at imprisonment for six years, probated. On May 1, 1975, the State filed a motion to revoke probation alleging that appellant violated two conditions of her probation by failing to pay probation fees and failing to report to her probation officer. Appellant's probation was revoked on November 28, 1977, and she was sentenced to imprisonment for two years.

Appellant urges that her original conviction is void because the court did not have jurisdiction over her, and the indictment in her cause is void because she did not receive an examining trial before it was returned. We agree and reverse.

This case is remarkably similar to *Bannister v. State*, 552 S.W.2d 124 (Tex.Cr.App. 1977). Appellant was born Robin Cordary on December 21, 1954, in Houston. On February 21, 1971, when appellant was 16 years of age and going under the assumed name of Suzanne Dancer, she sold LSD to David Dennis, an undercover policeman. She was indicted for this offense on April 15, 1971.

At the time she pleaded guilty on November 1, 1971, she was still 16. Appellant had previously been in trouble with juvenile authorities, and she was afraid to tell anyone that she was a juvenile. As a result, appellant's true age was not discovered, and she was never made subject to juvenile court proceedings prior to being indicted and convicted as an adult.

After the State filed its motion to revoke probation appellant filed a motion to declare her conviction void, setting forth that her real name was Robin Cordary and that she had been a juvenile at the time of the offense, indictment, and conviction.

In *Bannister*, supra, we held that the district court never obtained jurisdiction of the juvenile defendant because the juvenile courts had exclusive jurisdiction of juveniles and the defendant had not been transferred to the district court in accordance with Section 54.02(h) of the Family Code. We relied on Section 51.04 of the Family Code, which provides that the juvenile court has exclusive original jurisdiction over proceedings under Title 3 of the Family Code. We also relied on the discretionary transfer provision, Section 54.02(h), supra. We placed primary emphasis, however, on V.T. C.A. Penal Code, Section 8.07, which provides in pertinent part:

> (b) Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age . . .

Appellant urges that *Bannister* applies to her case even though when she was convicted Title 3 of the Family Code was not in effect. The predecessor to Title 3 of the Family Code, Article 2338-1, V.A.C.S., as amended in 1967, was in effect when appellant was prosecuted and convicted. That statute, similar to Title 3, provided that the juvenile courts had exclusive original jurisdiction over proceedings governing delinquent children. See Section 5(a) of the statute. A child was defined as a female

person over 10 years of age and under 18 years of age, or a male person over 10 years of age and under 17 years of age. This age discrepancy, along with a similar one in Article 30, V.A.P.C., was declared unconstitutional in *Ex parte Matthews*, 488 S.W.2d 434 (Tex.Cr.App.1973). As recently construed by this Court, see *Ex parte Trahan*, 591 S.W.2d 837 (Tex.Cr.App.1979), both statutes remained effective to the extent they established a uniform age limit of 17 years for persons of either sex.

Article 2338–1, Section 6 provided the procedure for waiving the jurisdiction of the juvenile court and transferring to the jurisdiction of the district court juveniles of age 15 or older who had committed a criminal offense. See also Section 5(a) of the statute. These procedures were nearly identical to those provided for in Section 54.02(h) of the Family Code, supra. See *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App. 1977).

Article 30, Section 2 of the former Penal Code as amended in 1967 was almost identical to Section 8.07 of the present Penal Code. It provided, as construed in *Ex parte Trahan*, supra, that no person under the age of 17 could be convicted of an offense except perjury unless the juvenile court waived jurisdiction and certified the person for criminal proceedings.

It is clear that the differences between the relevant provisions of Article 2338–1 as amended in 1967 and Title 3 of the Family Code, if any, are slight. The considerations that led us to conclude that the district court never obtained jurisdiction of the defendant in *Bannister* apply with equal force here. We conclude that, as appellant was never transferred from the juvenile court to the district court as required by Article 2338–1, Section 6 and Article 30, V.A.P.C., she was never made subject to the jurisdiction of the district court. The court did not have jurisdiction to accept her plea of guilty; her conviction is void. See *Ex parte Trahan*, supra.

Moreover, appellant was not given an examining trial prior to the return of the indictment against her. Under the authority of *Ex parte Menefee*, supra, the indictment was void. See *Ex parte Trahan*, supra; *Ex parte Buchanan*, 588 S.W.2d 596 (Tex.Cr.App.1979).

As in *Bannister*, we do not conclude that appellant waived her right to be tried as a juvenile. The 1967 Legislature provided in Article 2338–1, Sections 5(a) and 6, and Article 30, supra, that an explicit procedure should be followed in order to waive that right. This procedure was not followed in this case. We refuse to hold that a failure to assert one's rights under the act amounts to a waiver of the jurisdiction of the juvenile court.

Prior to 1965 Article 2338–1 made no provision for the transfer of a juvenile from the jurisdiction of the juvenile court to the district court for adult criminal proceedings. The cases discussed in *Bannister* which held that the defendant had to raise the question of age at trial or be barred relied on Article 2338–1 as it existed prior to 1965. Article 30, supra, was not amended until 1967. These prior cases are not controlling. In the absence of a transfer from the juvenile court, the district court simply did not obtain jurisdiction of appellant.

The judgment is reversed and the prosecution under the present indictment is ordered dismissed.

DALLY, J., dissents.