**Ex parte David McCULLOUGH aka Reginald Stephens and Larry Denny.**

**Nos. 64234, 64236.**

Court of Criminal Appeals of Texas, En Banc.

April 30, 1980.

Rehearing Denied May 28, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

These are post conviction writs of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P. On April 25, 1979, petitioner, whose true name is Reginald Stephens, entered pleas of guilty, under the false name of David McCullough, to the offenses of escape from custody, aggravated assault, and unauthorized use of a motor vehicle. His punishment was assessed at twenty years confinement for the first offense, and ten years each for the second and third offenses. No appeals were taken.

At the time of his conviction in the three felonies, petitioner represented that he was nineteen years of age. It now appears from the record, however, that petitioner was only fifteen years old when he was convicted of the felonies in district court.

The facts presented by this case are similar to those of *Bannister v. State*, 552 S.W.2d 124 (Tex.Cr.App.1977), wherein the juvenile defendant misrepresented her age to the convicting court and her counsel. This fact was discovered later, when her probated sentence was revoked. We stated:

> "In view of V.T.C.A., Family Code, § 54.02, § 51.08 and § 51.09, and V.T.C.A., Penal Code, § 8.07, it appears that the appellant has played the game of 'courts' and won. It does not appear that under these statutes the appellant waived her rights to be tried as a juvenile despite her actions in misleading the trial court at the time of her conviction."

We concluded that although the defendant, by not informing her attorney or the court of her actual age at the time of her guilty plea, would have "waived" her right to be tried as a juvenile under past decisional laws, this "waiver" was not in accordance with the present statutory mandate of V.T.C.A., Family Code, Sec. 51.09. We held:

> "It is clear when [Sections 51.04, 51.08, 51.09 and 54.02] of the Family Code are read with said § 8.07 of the Penal Code that the district court did not have jurisdiction to try appellant for burglary of a habitation in view of her age despite her deliberate action in misleading the court. Such action under the foregoing statutes did not constitute waiver [footnote omitted]. The fact that appellant's age was not discovered until the time of revocation of probation proceedings does not change the situation. The district court simply did not acquire jurisdiction over the appellant . . ."

Here, as in *Bannister*, the petitioner's misrepresentation of his true age was not a valid waiver of his statutory right to be tried as a juvenile. Since petitioner executed no waiver and since there was no waiver of juvenile court jurisdiction, pursuant to V.T.C.A., Family Code, Sec. 54.02, the district court in the instant case never acquired jurisdiction over appellant. Thus, the felony convictions are void. Petitioner is entitled to the relief sought.[1] Petitioner's convictions for escape, aggravated as-

---

1. However, unlike the appellant in *Bannister v. State*, supra, this petitioner is sixteen years old at the present time, and is, thus, still subject to the jurisdiction of the juvenile courts. See Title 3, V.T.C.A., Family Code.

sault and unauthorized use of a motor vehicle are set aside.

It is so ordered.

DALLY, J., dissents.