**Ex parte Steven Scott REDMOND.**

**No. 63036.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 1, 1980.

---

**2.** *Rummel v. Estelle*, 568 F.2d 1193 (5th Cir. 1978).

**3.** *Rummel v. Estelle*, 587 F.2d 651 (5th Cir. 1978).

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

**W. C. DAVIS, Judge.**

This is an application for a post conviction writ of habeas corpus, pursuant to Article 11.07, Vernon's Ann.C.C.P. On January 11, 1979, the petitioner entered pleas of guilty to four counts of aggravated robbery. Punishment was assessed at 12 years confinement in each case.

The petitioner contends that he is unlawfully confined and restrained of his liberty by virtue of the fact that he was 16 at the time of the robberies and he had not waived juvenile court jurisdiction, or the right to an examining trial. The trial court has entered findings of fact and conclusions of law which state that the petitioner did misrepresent his age to the court and that petitioner did not become 17 years old until October 19, 1978. The offenses for which the petitioner was convicted occurred on the following dates: Cause No. 78–10482–QH, October 11, 1978; Cause No. F78–10628–QH, October 14, 1978; Cause No. F78–12183–QH, October 4, 1978; and Cause No. F78–10483–QH, October 19, 1978.

The facts presented by this case are similar to those of *Bannister v. State*, 552 S.W.2d 124 (Tex.Cr.App.1977), wherein the juvenile defendant misrepresented her age to the convicting court and her counsel. This fact was discovered later, when her probated sentence was revoked. We stated:

"In view of V.T.C.A., Family Code, Sec. 54.02, Sec. 51.08 and Sec. 51.09, and V.T.C.A., Penal Code, Sec. 8.07, it appears that the appellant has played the game of 'courts' and won. It does not appear that under these statutes the appellant waived her rights to be tried as a juvenile despite her actions in misleading the trial court at the time of her conviction."

In *Bannister v. State*, supra, we concluded that although the defendant, by not informing her attorney or the court of her actual age at the time of her guilty plea, would have "waived" her right to be tried as a juvenile under past decisional laws, this "waiver" was not in accordance with the present statutory mandate of V.T.C.A., Family Code, Sec. 51.09. See *Ex Parte McCullough*, 592 S.W.2d 272 (Tex.Cr.App. 1980).

The petitioner's misrepresentation of his true age was not a valid waiver of his statutory right to be tried as a juvenile. Since he executed no waiver and since there was no waiver of juvenile court jurisdiction, pursuant to V.T.C.A., Family Code, Sec. 54.02, the district court in the instant case never acquired jurisdiction over the petitioner. Thus, the convictions in Cause Nos. F78–10482–QH, F78–10628–QH, and F78–12183–QH are void. The petitioner is entitled to the relief sought in these three convictions. However, the conviction in cause number F78–10483 is for an offense which occurred on October 19, 1978, the date of the petitioner's 17th birthday. As such, this conviction is valid. The judgments of conviction in the remaining three causes are set aside.

It is so ordered.

DALLY, J., dissents.