Marisio Valdez v. The State.

No. 8308.   Decided October 8, 1924.

No motion for rehearing filed.

1.—Murder—Motion for New Trial—Practice.

Affidavit presented in motion for new trial, and evidence presented at hearing, cannot be considered unless statement of facts proven on hearing of motion for new trial are embraced in a statement of facts, approved by the trial court before adjournment of the term.   Slade v. State, supra; Fifer v. State, 90 Tex. Crim. App., 282, 234 S. W., 409.

2.—Same—Juvenile—How Established.

The question of whether a defendant is under seventeen years of age and a juvenile, cannot be raised for the first time in a motion for a new trial.   The question is one of a preliminary character to be passed upon by the trial judge upon proper sworn averments before plea to the indictment is entered.   Article 1195, Vernon's Ann. C. C. P. 1916; Robertson v. State, 92 Tex. Crim. App., 350, 243 S. W., 1098.

3.—Same—Practice—Affidavits.

An affidavit sworn to before counsel for appellant, who was a Notary Public, cannot be considered.   See Article 840, Vernon's C. C. P. and cases collated.

Appeal from Gonzales County; tried below before the Hon. Lester Hall, Judge.

Appeal from a conviction of murder; penalty, ten years confinement in the State penitentiary.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Appellant is under conviction for the murder of Bartola Nigrite with punishment assessed at ten years in the penitentiary.

We deem it unnecessary to set out the facts.   The State's evidence showed a killing under circumstances which eliminated manslaughter and self-defense or defense of another.   Appellant's evidence raised the issues of defense of his father and of manslaughter.   They were fairly submitted in the court's charge.

It is stated in the motion for new trial that since conviction information had come to counsel for appellant that he was under seventeen years of age.   This ground of the motion was not verified.   Some evidence relative to the matter appears to have been presented upon hearing the motion, but the statement of facts bringing it forward

was not filed until long after adjournment of the trial term.. To be considered it must have been filed before adjournment. Slade v. State, 85 Tex. Crim. Rep., 358, 212 S. W., 661. It has been held that a juvenile may waive his right to be proceeded against as such (Slade v. State, supra); Fifer v. State, 90 Tex. Crim. Rep., 282, 234 S. W., 409),—and in the absence of some fraud perpetrated against him we hold that ordinarily the question of juvenility cannot be raised for the first time in motion for new trial. The question is one of preliminary character to be presented to and passed upon by the trial judge upon proper sworn statement before plea to the indictment is entered. Article 1195, Vernon's Ann. C. C. P., 1916; Robertson v. State, 92 Tex. Crim. Rep., 350, 243 S. W., 1098. No sworn statement that appellant was a juvenile (as required by the statute) was made either by his parents or himself although the fact, if it be a fact, was bound to have been known to all of them before the trial.

Another ground of the motion for new trial was that the interpreter either misunderstood or misinterpreted a question propounded to appellant by his attorney, or misunderstood or misinterpreted appellant's answer upon a vital issue in the case. This ground of the motion is attempted to be verified by appellant's affidavit taken before Geo. Fouts as Notary Public. It affirmatively appears from the record that said Fouts was counsel for appellant and this is called to our attention in the State's brief. The affidavit so taken cannot be considered, and the motion thus attempted to be verified formed no basis for evidence offered upon hearing the motion. See authorities collated under Article 840, Vernon's C. C. P., note 10; also Steele v. State, 87 Tex. Crim. Rep., 588, 223 S. W., 473; Kellum v. State, 91 Tex. Crim. Rep., 664, 240 S. W., 1109; Siebe v. State, 92 Tex. Crim. Rep., 605, 244 S. W., 1013. Furthermore, the evidence heard upon this ground of the motion, and brought forward in a statement of facts was not filed during the trial term, and if its reception had been authorized under the motion it could not be considered because not filed before court adjourned. Slade v. State (supra), also, see Reese v. State, 94 Tex. Crim. Rep., 220, 249 S. W., 857, in which many authorities are collated.

The judgment is affirmed.

*Affirmed.*