IN RE EVANS, A MINOR.

(Decided February 12, 1941.)

Mr. *Leslie K. Wagner,* for petitioner.
Mr. *Thomas J. Herbert,* attorney general, and *Mr. Aubrey A. Wendt,* for respondent.

MONTGOMERY, J.   The petitioner, an infant, by his next friend, seeks by writ of *habeas corpus,* his discharge from the Ohio State Reformatory, where he is an inmate.

The agreed statement of facts shows that this minor is serving two sentences, one for robbery, the other for robbery and kidnapping, by virtue of sentences imposed by the Common Pleas Court of Summit county, entered upon a plea of guilty to each indictment.

It is further agreed that at the time of the commission of these offenses he lacked some days of being seventeen years old; that he was arrested and taken before the Municipal Court of Akron, where he gave his age as nineteen years, and was bound over to the grand jury, and was thereupon indicted; no proceedings of any kind having been held before the Juvenile Court of Summit county because of delinquent acts.

In the case of *State* v. *Klingenberger,* 113 Ohio St., 418, 149 N. E., 395, it was held, in the first paragraph of the syllabus, that "A minor charged with felony waives his right to object to the jurisdiction of the Court of Common Pleas on the ground of his minority, by not filing a plea in abatement to an indictment in the Court of Common Pleas."

And the second paragraph of the syllabus in the case of *Ex Parte Pharr,* 10 Ohio App., 395, reads:

"*Habeas corpus* will not lie to secure the discharge of a minor who was indicted for a felony and convicted in the Court of Common Pleas, but did not challenge the jurisdiction of the court until motion for new trial, or prosecute error, on the ground that he

was under eighteen years of age and should have been first taken before the Juvenile Court, in accordance with the provisions of Section 1659, General Code.''

The reasoning and conclusions of the courts rendering the opinions in these two cases seem to us conclusive, and the opinion of Judge Vickery, in which Judge Weygandt concurred in the case of *Scopillitti* v. *State,* 41 Ohio App., 221, 180 N. E., 740, is illuminating in its discussion of a somewhat similar situation.

It is, however, contended by the petitioner that the present Juvenile Court Code, Section 1639-1 *et seq.,* General Code, has provisions which render these decisions antiquated and ineffective. It is true that Section 1639-16, General Code, does state that the Juvenile Court shall have ''exclusive original jurisdiction under this chapter or under other provisions of the General Code:

''1. Concerning any child who is (1) delinquent * * * *''

The analogous section before amended, Section 1642, General Code, did not use the term ''exclusive original jurisdiction.'' It simply used the word ''jurisdiction.'' However, there are two reasons why we think these cited cases are binding, in spite of the different wording of these sections.

1. The present act does not make the jurisdiction exclusive throughout. It is ''exclusive original jurisdiction,'' and Section 1639-32, General Code, now in force, provides that when the child is charged with a felony, after certain preliminaries in the Juvenile Court, the same proceedings shall be had thereafter upon such complaint as now authorized by law for the indictment, trial, judgment and sentence of any other person charged with a felony.

2. This present act vests the jurisdiction in the Juvenile Court not over the crime, but over the infant. This is jurisdiction, not of the subject-matter, because Section 1639-32, General Code, just cited, provides such

jurisdiction, but is of the person of the minor. Jurisdiction over the person may always be waived, and waived even by a minor. Discussion of the latter proposition in the above-cited cases is to be noted.

Taking the view indicated on this proposition, it becomes unnecessary to discuss the other defenses advanced by the respondent-superintendent.

This writ is denied.

*Writ denied.*

LEMERT, P. J., and SHERICK, J., concur.