Tommy **PENN**, Petitioner,

v.

**C. C. PEYTON**, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 67-C-32-D.

United States District Court
W. D. Virginia,
Danville Division.

July 17, 1967.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus, filed by Tommy Penn in forma pauperis, pursuant to 28 U.S.C. § 2241. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on May 19, 1967.

Petitioner is currently serving a term of forty years in the Virginia State Penitentiary, pursuant to a conviction for murder by the Circuit Court of Henry County on July 20, 1960. At his trial before a jury, petitioner was represented by counsel employed by his father. No appeal was taken from his conviction.

A habeas corpus hearing was conducted by the state court in Martinsville, Virginia on June 24, 1966, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered June 24, 1966. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied on April 21, 1967.

Petitioner now seeks a writ of habeas corpus from this court, alleging many of the same errors he raised in his state court hearing. Petitioner alleges that the trial court improperly admitted into evidence, an involuntary confession which was obtained by coercion. Petitioner further alleges that he was not arraigned before a magistrate without undue delay, and raises the familiar claim that he was deprived of effective representation by counsel. The final allegation raises the claim that petitioner, being a minor, was deprived of his rights when he was tried as an adult without proper certification that he should be tried as an adult.

The relevant facts can be recited briefly. On February 6, 1960 the petitioner was arrested on suspicion of murder. When arrested the petitioner stated that he was 18 years of age. Petitioner was taken to the police station where he confessed that he had committed the murder. Petitioner denied that he was ever advised of his rights, and alleges that the police coerced him with threats. The arresting police officers denied any use of force or threats, and petitioner signed a statement that he made the confession voluntarily and of his own free will. While in custody, petitioner, on several occasions, stated that he was 18 years of age and gave an incorrect date of birth. Petitioner's attorneys were also informed by petitioner or petitioner's father that petitioner was 18 years of age. In fact, the petitioner was three months short of his 18th birthday and was thus entitled to be treated as a juvenile, rather than as an adult. Counsel for petitioner was employed around February 12, 1960 and petitioner was at all times treated as an adult. A jury trial was conducted on July 20, 1960, and petitioner was found guilty and sentenced to forty years imprisonment.

Having studied the record, this court is satisfied that the record is an adequate basis on which to base a decision.

Therefore, there is no need for a plenary hearing.

■ Petitioner's allegation that his confession was not voluntary is supported only by his own statements. The arresting officers testified, at the state habeas corpus hearing, that they advised petitioner of his rights and made no threats. The written confession contains a signed statement by petitioner, that the confession was voluntary and that petitioner had been advised of his constitutional rights. Petitioner's trial counsel discussed the confession with petitioner, and testified that petitioner made no mention of any corecion, and told his attorneys that the confession was correct except for a minor discrepancy in one of the facts. The minor discrepancy was brought out at petitioner's trial by his attorneys. Thus, this court feels that petitioner has raised no serious doubt as to the voluntariness of his confession.

■ Petitioner further alleges that even if the confession was voluntary, it was obtained during a period of illegal detention. Petitioner contends that he was held for thirty days before being given a preliminary hearing. The record shows that petitioner gave his confession on the same day that he was arrested. He was then held in jail to await trial, but the record is not clear as to when the preliminary hearing was conducted. The only evidence as to the date of the hearing, was a vague statement from petitioner that he thought it was a month or so. Petitioner has failed to show that he was prejudiced by the detention. It is clear that Virginia follows the rule that "a showing of prejudice or harmful consequences is required before 'overturning convictions on petitions for habeas corpus.'" Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762, 767 (1966); Campbell v. Commonwealth, 194 Va. 825, 75 S.E.2d 468 (1953).

■ Petitioner bases his allegation of inadequate representation of counsel on four grounds:

(a) The attorneys failed to investigate petitioner's confession and challenge its admission into evidence. As already stated in this opinion, petitioner's attorneys testified that petitioner made no mention of any coercion and told them that the confession was accurate except for a minor fact. The attorneys offered evidence to contradict this disputed fact, and they obviously did not fail in their duty to petitioner because they failed to challenge a confession which petitioner said was correct and obtained without coercion.

■ (b) The attorneys failed to make adequate preparation for trial. The attorneys testified that they conferred with the petitioner on several occasions, and investigated the scene of the crime, interviewing the residents of every house in the area of the crime. It is clear that petitioner's attorneys were actually very diligent in their preparation for trial.

■ (c) The attorneys failed to make any motions after the jury verdict, and refused to make an appeal after being requested to do so. The court recorder and both of petitioner's attorneys testified at the state habeas corpus hearing, that a motion was made to set aside the verdict. The attorneys further stated that petitioner made no request for an appeal, but that they discussed the possibility of an appeal with petitioner and with petitioner's father.

■■ (d) The attorneys failed to inform petitioner that he was entitled to be treated as a juvenile. The record shows that the attorneys had no knowledge that petitioner actually was a juvenile. Petitioner and his father had told the attorneys and the police that the petitioner was 18 years old, though petitioner was actually three months short of his 18th birthday. This court does not feel that there was any duty on counsel to go any further in determining the age of the petitioner. It is not error for the attorneys to assume that the petitioner and his father know the true age of the petitioner. A defendant is deprived of his constitutional rights by inadequate representation of counsel, only in "extreme instances where the

representation has been so inadequate as to make a farce of the trial * * *." Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959). The facts relied on by petitioner do not establish inadequate representation of counsel.

■■ Petitioner's final allegation is that he was deprived of his constitutional rights when the trial court failed to comply with the procedures of the Juvenile and Domestic Relations Court Law. Va.Code Ann. § 16.1–175 (Supp. 1960) states that a court of record may, in its discretion, proceed to try a minor over age fourteen, as an adult. However, this discretion is "to be exercised not arbitrarily or willfully, but based upon knowledge of facts upon which the discretion may properly operate." Tilton v. Commonwealth, 196 Va. 774, 85 S.E. 2d 368, 375 (1955). This discretion can be exercised only after an investigation into the minor defendant's physical, mental and social condition, as required by Va.Code Ann. § 16.1–176(b) (Supp. 1960). Failure to conduct the statutory investigation deprives the court of jurisdiction to try the defendant as an adult. Tilton v. Commonwealth, supra; Norwood v. City of Richmond, 203 Va. 886, 128 S.E.2d 425 (1962); Peyton v. French, 207 Va. 73, 147 S.E.2d 739 (1966). All of the prior Virginia cases involve the situation where the court had knowledge that the defendant was a minor. Thus, if the trial court here had had notice that petitioner was a minor, it is clear that the trial court should not have tried petitioner as an adult without conducting the statutory investigation. But in the present case the trial court had no notice that petitioner was a minor, and had been misled by petitioner's assertions that he was 18 years of age. While Virginia has not previously ruled on such a situation, the issue has been raised in other states with similar statutes. The West Virginia statute on the subject is substantially identical to Va.Code Ann. § 16.1–175 (Supp. 1960) and provides that: "If during the pendency of a criminal proceeding against a person in a court other than a juvenile court, it

shall be ascertained, or it shall appear, that the person was under the age of eighteen years at the time of the alleged offense, the court, judge or magistrate shall immediately transfer the case * * *." W.Va.Code Ann. § 4904 (50). In construing this statute the Supreme Court of West Virginia stated that:

> The clear implication seems to be that the court having jurisdiction of the criminal case shall proceed with the disposition thereof the same as if defendant were an adult, *unless it be ascertained or made to appear in the criminal case that the defendant was under the age of eighteen years*. (emphasis added)

> In view of the authorities cited and the statutory provisions, we necessarily hold that petitioner in the instant proceeding, by failure to bring to the attention of the Circuit Court of Nicholas County, in the criminal proceedings, the fact that he was under eighteen years of age, waived any statutory right that he may have had to have his case first heard by a juvenile court. State ex rel. Hinkle v. Skeen, 138 W.Va. 116, 75 S.E.2d 223, 231 (1953) cert. denied 345 U.S. 967, 73 S.Ct. 954, 97 L.Ed. 1385.

■ This court feels that petitioner waived his right to the statutory investigation by misrepresenting to the trial court that he was 18 years of age. To hold otherwise would place an unconscionable burden on the state courts. To uphold petitioner's contention would require the state courts to conduct an independent investigation to determine the true age of every defendant. Any minor defendant would be able to mislead a court and take his chances on being tried as an adult, and then if unsatisfied with the result, the minor defendant could assert his minority and have the conviction set aside. "While it is true that courts should always act with caution where minors are prosecuted for criminal offenses, it is also true that final judgments of courts should be respected and, even in habeas corpus

proceedings, should be upheld unless it clearly appears that the defendant has been denied some right guaranteed to him by law." Wade v. Skeen, 140 W.Va. 565, 85 S.E.2d 845, 848–849 (1955). In the present case petitioner was accorded all of the constitutional rights of an adult, and this court feels that petitioner waived his rights as a minor by mis-representing his true age.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that the allegations are without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied. A certified copy of this opinion is directed to be sent to the petitioner and to the respondent.