[No. 8210-8-I. Division One. April 20, 1981.]

BETH IRENE NELSON, *Appellant,* v. SEATTLE MUNICIPAL COURT, ET AL, *Respondents.*

*Cynthia Wills,* for appellant (appointed counsel for appeal).

*Douglas N. Jewett, City Attorney,* and *Sean Sheehan, Assistant,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

The juvenile petitioner (petitioner) appeals from an order of the juvenile department of the Superior Court of Washington for King County authorizing the Seattle Municipal Court to proceed with probation review or other appropriate proceedings against her.

Seattle police arrested the petitioner on a prostitution charge. At the time she was 17 years old and had a long history of contacts with the juvenile court. She had previously been incarcerated for 8½ months by the Department of Social and Health Services at Maple Lane School and had been on parole from that juvenile institution.

When arrested on the prostitution charge, petitioner gave an alias and furnished a false birth date which established her age as 19. She was provided with legal counsel, charged, arraigned, tried and found guilty of the prostitution charge in Seattle Municipal Court. She was given a 1–year deferred sentence and released from jail.

Shortly thereafter she was arrested on other charges and for allegedly violating the terms of her probation. She was served with a bench warrant requiring her to appear for a probation review. Faced with the imminent revocation of her probation, she revealed her true name and age to the

municipal court and argued that since she was a juvenile, the municipal court lacked jurisdiction to proceed with the revocation.

Following a hearing, the municipal court ruled that by her knowing and deceptive conduct, she had waived her right to a juvenile decline hearing and set the probation review matter for hearing.

The Superior Court granted her petition for a writ of habeas corpus and stayed the municipal court proceeding. A hearing was thereupon held before a juvenile court commissioner. Following that hearing, findings of fact were entered as were the following conclusions of law:

> That the Court has jurisdiction sitting as Superior Court Commissioner to hear the matter and determine whether or not to assume jurisdiction over the petitioner in the present matter.

Conclusion of law No. 1.

> That the Municipal Court of the City of Seattle has not been deprived of jurisdiction over these matters or over the petitioner by any order entered herein, but has been stayed from proceeding pending the determination of jurisdiction at the de novo hearing.

Conclusion of law No. 2.

> That the petitioner herein by her knowing, intentional, and deceptive conduct willingly and effectively waived her right to be treated as a juvenile at the time of her appearance, plea, and submission in Municipal Court; that the court should and does refuse to assume jurisdiction of the matter herein.

Conclusion of law No. 3.

> That irrespective of the waiver found by the court, the court, viewing the totality of the circumstances as they appear to the court as they appeared at the time of the "de novo" hearing and based on the findings of fact . . . should and does refuse to assume jurisdiction of the matter herein.

Conclusion of law No. 4.

An order was entered accordingly and the petitioner brought this appeal. On appeal, error has not been assigned

to the findings of fact.

One basic issue is presented.

## ISSUE

Did petitioner waive the right to have her case heard in juvenile court by misrepresenting her age to be over 18?

## DECISION

CONCLUSION. When the petitioner willfully deceived the Seattle Municipal Court into believing that she was over 18 years of age, she thereby waived her right to be treated as a juvenile.

■■ This is not a case where a confused or naive youngster has inadvertently become enmeshed in the adult criminal law system.

It is rather a case where a sophisticated, street–wise juvenile, with an extensive juvenile record, is attempting to manipulate the legal system to her own benefit. By her intentionally deceptive conduct, she avoided juvenile court where she would have been connected to her record there and treated accordingly. She opted instead to go to adult court where she received a deferred sentence. It was only when it appeared likely she would go to jail because of her probation violations that she claimed her rights as a juvenile. This the law will not countenance.

*Dillenburg v. Maxwell,* 70 Wn.2d 331, 354–56, 413 P.2d 940, 422 P.2d 783 (1967) outlines the procedure to be followed on cases such as this one where there has been *no* transfer from juvenile court, as well as in those cases which involve *faulty* transfers. *See Sheppard v. Rhay,* 73 Wn.2d 734, 736, 440 P.2d 422 (1968). That precise procedure was followed in this case. The petitioner was still a juvenile at the time her true age was discovered, therefore, the de novo *Dillenburg* hearing was properly held in the juvenile court. The juvenile court correctly ruled that the challenged adult conviction would stand. *Dillenburg v. Maxwell, supra* at 355.

As the State Supreme Court has aptly expressed it,

To uphold petitioner's contention would require the

state courts to conduct an independent investigation to determine the true age of every defendant. Any minor defendant would be able to mislead a court and take his chances on being tried as an adult, and then if unsatisfied with the result, the minor defendant could assert his minority and have the conviction set aside.

*Sheppard v. Rhay, supra* at 740, quoting with approval from *Penn v. Peyton,* 270 F. Supp. 981, 984 (W.D. Va. 1967).

Petitioner's remaining claims in this connection are without merit.

No error was committed.

Affirmed.

JAMES, C.J., and WILLIAMS, J., concur.

Reconsideration denied June 23, 1981.

Review denied by Supreme Court September 25, 1981.