[No. 6653-0-II. Division Two. January 31, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSE A. SANDOMINGO, *Appellant.*

*Michael A. Valdez,* for appellant (appointed counsel for appeal).

*Michael G. Spencer, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for respondent.

WORSWICK, C.J.—Jose Sandomingo shot at Ross Hill; a jury convicted him of second degree assault. He contends here that he should have been tried as a juvenile because he does not know how old he is, that he should have been provided an expert to testify concerning his state of mind at the time of the incident, and that the court should have instructed the jury on voluntary intoxication. We affirm.

On July 13, 1982, at about 10 p.m. Sandomingo and three

of his friends encountered Hill and Hill's mother in a gas station parking lot in Hoquiam. They began arguing about some phonograph records that Hill refused to return. When Hill and his mother left, Sandomingo's group followed them. The argument continued in front of John Carter's house where Hill and his mother had tried unsuccessfully to call the police. Hill's mother and one of Sandomingo's friends began fighting. When Hill came down from Carter's porch, Sandomingo shouted something and fired at him. The bullet missed Hill and went through Carter's front window and lodged in a wall 4 to 6 feet from the couch where the Carters were sitting.

When Sandomingo was arrested later, he told the police he was 17. At the station, he told an officer he was 18. Thereafter, he said he did not know his age, and that there were no records by which it might be established. He contends the burden was on the State to establish his age, and that the trial judge erred in refusing to transfer his case to juvenile court. We disagree.

There is no constitutional right to be tried as a juvenile. *State v. Sharon,* 33 Wn. App. 491, 655 P.2d 1193 (1982), *aff'd,* 100 Wn.2d 230, 668 P.2d 584 (1983); *State v. Hodges,* 28 Wn. App. 902, 626 P.2d 1025 (1981). Age does not constitute an element of, or an affirmative defense to, a crime such as this. *United States v. Alvarez–Porras,* 643 F.2d 54 (2d Cir.), *cert. denied,* 454 U.S. 839, 70 L. Ed. 2d 121, 102 S. Ct. 146 (1981). No constitutional protections are offended when the authorities charge a defendant on the assumption that he is an adult.

The statute vesting the juvenile court with jurisdiction is obviously based on the supposition that a subject's age is known or reasonably can be determined. Neither law enforcement nor the courts can be expected to venture on a burdensome investigation because of claims of the kind Sandomingo makes. They are entitled to rely on the evidence reasonably within their knowledge. *See Sheppard v. Rhay,* 73 Wn.2d 734, 440 P.2d 422 (1968); *Nelson v. Seattle Mun. Court,* 29 Wn. App. 7, 627 P.2d 157 (1981).

The trial court held a hearing on Sandomingo's motion for transfer to juvenile court. The evidence presented consisted of Sandomingo's inconsistent statements, and an affidavit by Effren Triana, one of Sandomingo's companions the night of the incident. Triana's affidavit stated that Sandomingo had told him and other friends that he was 22. It also stated that Sandomingo had burned a paper supposedly establishing his age. The trial court thought Sandomingo appeared much older than 17, but had no definitive means of determining his age. It denied the motion. This was a sound exercise of trial court discretion.

It would be intolerable to allow a defendant to frustrate the criminal process simply by claiming he does not know how old he is. Therefore, we hold that when there is a reasonable basis for believing a defendant to be an adult, and the State has no means of verifying his claims, the defendant has the burden of proving his minority.[1]

■ Sandomingo's next contention, that the court erred in refusing to appoint an expert at public expense to determine his state of mind, is also without merit. Public funds need not be expended to procure inadmissible evidence. *State v. Niemczyk,* 31 Wn. App. 803, 644 P.2d 759 (1982),[2] Dr. Tore Nielson, a psychiatrist, was expected to testify that Sandomingo's inability to understand what was going on (because he could not speak English), combined with the effects of the alcohol and marijuana that he said he had consumed, could have produced a state of paranoia. Testimony pertaining to the reasonableness of a defendant's fear is equivalent to testimony about intent and premeditation. It is speculative and inadmissible unless the expert has

---

[1]Our decision is supported by *United States v. Alvarez–Porras, supra,* apparently the only reported case dealing with this issue. The *Alvarez–Porras* court held that when a defendant claims not to know his age, and there are no records available, the State need do no more than impugn his credibility. The burden of proving his claims then shifts to the defendant.

[2]The State is required to provide an expert for an indigent defendant only when such services are necessary to an adequate defense. CrR 3.1(f).

personal knowledge of the incident or the defendant claims insanity or mental defect. *See State v. Upton,* 16 Wn. App. 195, 556 P.2d 239 (1976). There was no such claim here. The request was properly denied.[3]

▇ Finally, we are satisfied that the court did not err in refusing an intoxication instruction. Such an instruction must be given, if requested, where the crime charged involves a particular mental state and there is substantial evidence that the defendant was in fact intoxicated at the time the crime was committed. *State v. Jones,* 95 Wn.2d 616, 628 P.2d 472 (1981). The evidence is not sufficient unless it shows that the defendant was affected by the alcohol. *State v. Simmons,* 30 Wn. App. 432, 635 P.2d 745 (1981).

The evidence here consisted of testimony that the group had been drinking in the afternoon before going to Hoquiam. Sandomingo said that he drank seven or eight beers and a glass of wine before leaving Centralia. None of the other defense witnesses knew how much he drank. Although almost every witness was asked, no one testified to any indications of intoxication. No one saw him stagger or fall or noticed him slur his words. He had no trouble aiming the gun, and he took over the driving when he decided a companion was too drunk to drive.

Sandomingo argues, however, that he is not required to show that his drinking affected him. He claims that this requirement has been eliminated because some recent cases have failed to mention it. We disagree.

In every case requiring an intoxication instruction, there has been substantial evidence of the effects of the defend-

---

[3]Dr. Nielson's testimony would not have helped Sandomingo much anyway. Except for Sandomingo's testimony, there was no evidence of any aggressive behavior by Hill. Sandomingo said that Hill had a knife, but no one else saw it. Certain defense witnesses testified that Sandomingo knew Triana was looking for a fight with Hill. One of them said Sandomingo refused to go to Hoquiam without a gun. There was not enough evidence to convince a jury that Sandomingo was just a confused and frightened bystander. He has not shown that he was prejudiced by the court's ruling. There would therefore be no basis for overturning it, had it been improper. *See State v. Mines,* 35 Wn. App. 932, 671 P.2d 273 (1983).

ant's drinking. *E.g., State v. Rice,* 102 Wn.2d 120, 683 P.2d 199 (1984) (slurred speech, lack of coordination, inability to feel pain); *State v. Brooks,* 97 Wn.2d 873, 651 P.2d 217 (1982) (lack of coordination, swallowed a spider); *State v. Jones, supra* (eyes glassy, speech slurred, considered drunk by arresting officers); *State v. Washington,* 34 Wn. App. 410, 661 P.2d 605 (1983) (erratic driving, considered drunk by police).[4]

It is evident to us that the law stated in *State v. Simmons, supra,* is unchanged, and that the failure of recent opinions to mention the effect requirement was inadvertent. The evidence here did not support the requested instruction.

Affirmed.

REED and PETRICH, JJ., concur.

---

[4]The Court of Appeals in *State v. Washington* originally upheld the trial court's rejection of the intoxication instruction. It believed the evidence did not show specifically enough that Washington's mental processes had been affected. The Supreme Court remanded the case for reconsideration in light of *State v. Jones, supra. See State v. Washington,* 36 Wn. App. 792, 677 P.2d 786 (1984). There was considerable evidence that Washington had been affected by the alcohol. He had been involved in an automobile accident. An officer tried to arrest him for being drunk, and he made numerous attempts (some successful) to strike the officer.