[No. 34871-0-I.    Division One.    September 9, 1996.]

THE STATE OF WASHINGTON, *Appellant*, v.
ANTOINETTE DENISE ANDERSON, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Francis D. Zavatsky* and *Amy J. Freedheim, Deputies,* for appellant.

*Mark B. Tackitt,* for respondent.

WEBSTER, J. — Antoinette Anderson misrepresented to arresting officers that she was an adult and did not reveal that she was actually a juvenile until the first day of her trial in superior court. At issue is whether Anderson waived her right to be tried as a juvenile. We hold that there was no waiver as a matter of law because she asserted the right before the jury was sworn in. Nor has there been a finding of waiver as a matter of fact. Accordingly, we affirm the trial court's order declaring the guilty verdict null and void and remand the case to the superior

court for a *Dillenburg*[1] hearing to determine whether juvenile court jurisdiction would have been appropriate.

## FACTS

Anderson was arrested for delivering cocaine to an undercover officer in a buy/bust operation. She told the arresting officer that her birthday is January 26, 1976, which would make her 18 years old at the time. Accordingly, she was arraigned and brought to trial as an adult. During voir dire, Anderson asserted for the first time that she was a minor, her actual birthday being January 26, 1977. The trial judge allowed the trial to continue because there were two co-defendants and because Anderson had no proof of her age. The court stated that the trial could be discontinued as to Anderson at any time there was proof of her age and appropriate argument. At the trial's conclusion, the jury entered a verdict of guilty against Anderson.

The court then heard Anderson's motion to vacate the guilty verdict and transfer the case to juvenile court. After considering Anderson's birth certificate and other documentation, the court found by a preponderance of the evidence that Anderson was a juvenile at the time of the incident and the trial.

The trial court determined that a juvenile court declination hearing should have been held before trying Anderson as an adult and that Anderson did not waive her right to such a hearing by raising the issue during trial. The court declared the verdict to be null and void and transferred the case to juvenile court for a declination hearing. The State appeals, contending that Anderson waived the right to be treated as a juvenile.

## DISCUSSION

### Juvenile Court Jurisdiction

■ Juvenile court is a division of the superior court.

---

[1]*Dillenburg v. Maxwell,* 70 Wn.2d 331, 413 P.2d 940, 422 P.2d 783 (1966), *cert. denied,* 386 U.S. 998, 87 S. Ct. 1320, 18 L. Ed. 2d 348 (1967).

RCW 13.04.021. By statute, it has "exclusive original jurisdiction" over all proceedings relating to individuals under the age of 18 alleged to have committed certain offenses, with some exceptions. RCW 13.04.030. The juvenile court can "transfer" its jurisdiction to the criminal division of the superior court pursuant to RCW 13.40.110. That statute requires a "declination" hearing to determine whether declination of juvenile court jurisdiction would be in the best interest of the juvenile or the public. Without such a hearing, the adult criminal division lacks jurisdiction over juveniles. *State v. Werner*, 129 Wn. 2d 485, 494, 918 P.2d 916, 921 (1996).

■ The right to be heard in juvenile court is statutory, rather than constitutional. *See State v. Sandomingo*, 39 Wn. App. 709, 711, 695 P.2d 592 (1985) (no constitutional right to be tried as a juvenile). Our state constitution grants original jurisdiction to the superior court "in all criminal cases amounting to felony, and in all cases of misdemeanor otherwise provided for by law." CONST. art. IV, § 6. Juvenile courts are not separate courts and do not detract from the superior court's general jurisdiction. Rather, the superior courts retain jurisdiction over all criminal cases and juvenile court statutes provide procedures limiting the manner in which the superior courts handle its juvenile cases. *Dillenburg v. Maxwell*, 70 Wn.2d 331, 351-53, 413 P.2d 940, 422 P.2d 783 (1966), *cert. denied*, 386 U.S. 998, 87 S. Ct. 1320, 18 L. Ed. 2d 348 (1967); *see also Werner*, 129 Wn. 2d at 492-93. Thus, the superior court has subject-matter jurisdiction over defendants under the constitution as well as personal jurisdiction over criminals pursuant to RCW 9A.04.030(1), but only the juvenile division of the superior court has the power to hear cases against juveniles. *Werner*, 129 Wn. 2d at 493-94 (clarifying juvenile court jurisdiction under Washington law).

Because Anderson was a juvenile at the time of her trial and the juvenile court did not conduct a declination hearing, the adult criminal division did not have statutory jurisdiction to hear her case. The State contends, however,

that Anderson waived her right to challenge the superior court's jurisdiction.

## Waiver

█ The State contends that Anderson waived her right to challenge the superior court's jurisdiction by misrepresenting herself as an adult to the arresting officer and not asserting otherwise at her arraignment. Anderson argues she did not waive the right because she asserted it before the court entered a judgment against her.

Both parties rely on two Washington cases dealing with waiver of juvenile jurisdiction. In the first, *Sheppard v. Rhay*, the defendant was tried and convicted as an adult. 73 Wn.2d 734, 735, 440 P.2d 422 (1968). He did not reveal that he was a minor until he petitioned for a writ of habeas corpus nine years later. He was granted a declination-type hearing in which the court found that he had waived his right to be heard in juvenile court. On appeal from that decision, the Washington Supreme Court found that "under the unique facts of the case," it was appropriate to find that the defendant, who had willfully deceived the court, had waived his rights to be heard in juvenile court. *Id.* at 739. The court noted that the defendant did not contend that the superior court was apprised of the petitioner's minority. *Id.* at 735-36. The court followed a federal case, which stated:

> This court feels that petitioner waived his right to the statutory investigation by misrepresenting to the trial court that he was 18 years of age. To hold otherwise would place an unconscionable burden on the state courts. To uphold petitioner's contention would require the state courts to conduct an independent investigation to determine the true age of every defendant. Any minor defendant would be able to mislead a court and take his chances on being tried as an adult, and then if unsatisfied with the result, the minor defendant could assert his minority and have the conviction set aside.

*Id.* at 740 (quoting *Penn v. Peyton*, 270 F. Supp. 981, 984 (W.D. Va. 1967)).

In the second case, *Nelson v. Seattle Mun. Court*, a 17-year-old defendant with a long history of contacts with the juvenile court willfully deceived the court into believing she was an adult. 29 Wn. App. 7, 8-9, 627 P.2d 157, *review denied*, 96 Wn.2d 1002 (1981). She did not assert otherwise until she was arrested for parole violations. This court held that she had waived her right to be treated as a juvenile, stating

> This is not a case where a confused or naive youngster has inadvertently become enmeshed in the adult criminal law system.
>
> It is rather a case where a sophisticated, street-wise juvenile, with an extensive juvenile record, is attempting to manipulate the legal system to her own benefit. By her intentionally deceptive conduct, she avoided juvenile court where she would have been connected to her record there and treated accordingly. She opted instead to go to adult court where she received a deferred sentence. It was only when it appeared likely she would go to jail because of her probation violations that she claimed her rights as a juvenile. This the law will not countenance.

*Id.* at 10.

Here, the State contends that Anderson was a "sophisticated, street-wise juvenile" like the defendant in *Nelson*. Unlike *Nelson* and *Sheppard*, however, there has been no factual determination that Anderson willfully or intentionally deceived the trial court. Anderson did not specifically assert that she was an adult, but gave the arresting officer a birth date that was exactly one year off the correct date. She may have been mistaken or confused about the year of her birth. Moreover, she did not affirmatively represent her age to the trial court, but simply failed to correct the age on the documents. We cannot find, as a matter of fact, that Anderson waived her right to be treated as a juvenile.

The State also argues that Anderson waived her right to challenge the superior court's jurisdiction as a matter of law, by not asserting the right at arraignment. The

State cites numerous cases from other states for its proposition that a defendant must challenge jurisdiction before arraignment. The facts of most of those cases do not support such a rule because they deal with defendants who raised the issue of their minority after a guilty plea or conviction. *See, e.g., State v. Superior Court,* 7 Ariz. App. 170, 436 P.2d 948 (1968); *State v. Evans,* 67 Ohio App. 66, 35 N.E.2d 887 (1941); *Valdez v. State,* 98 Tex. Crim. 166, 265 S.W. 161 (1924).

Anderson argues that juvenile defendants may challenge the superior court's jurisdiction at any time prior to entry of a judgment or guilty plea, since the defendants in *Sheppard* and *Nelson* asserted their rights after that time. We agree that a defendant need not assert the right at arraignment, but need not decide in this case whether a defendant can assert the right at any time prior to conviction. Here, Anderson asserted her right prior to the swearing-in of the jury. Because the parties do not provide argument on what, if any, effect the attachment of jeopardy would have on the waiver issue, we limit our holding to cases in which jeopardy has not yet attached. In such cases, a defendant who reveals to the trial court that she is a juvenile timely asserts a challenge to the superior court's jurisdiction. Here, Anderson timely raised the issue and did not, as a matter of law, waive her right to challenge the court's jurisdiction. Accordingly, the trial court did not err in declaring the verdict null and void. We certainly do not encourage defendants to misrepresent their ages to law enforcement or the courts. However, we decline to hold that defendants who make such a representation but correct the error before jeopardy attaches have waived the right to be tried as juveniles as a matter of law.

## Disposition

■ We next address the appropriate disposition of the case. The trial court ordered that the case be transferred to juvenile court for a declination hearing. But because

Anderson is not now a juvenile, the juvenile court no longer has jurisdiction over her. *Dillenburg*, 70 Wn.2d at 355. Anderson is entitled, however, to a *Dillenburg*[2] hearing, a de novo hearing to determine whether, under the circumstances, she should have been tried as a juvenile in the first instance. *Sheppard*, 73 Wn.2d at 736-37. Because Anderson is no longer a juvenile, the superior court should conduct the hearing. *Dillenburg*, 70 Wn.2d at 355. If the hearing results in a determination that transfer from juvenile court would have been appropriate under all the circumstances, the conviction should be reinstated. *Id.* If not, Anderson should be granted a new trial, which would be held in superior court since Anderson is now an adult. *Id.* at 355-56.

### Frivolous Appeal

Anderson requests that we dismiss this case with prejudice, arguing that the State's appeal is frivolous and was brought only to delay until she was an adult and could no longer benefit from juvenile court jurisdiction. *See* RAP 18.9(c)(2).

■ In determining whether an appeal is brought for purposes of delay, our primary inquiry is whether it presents "no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." *Streater v. White*, 26 Wn. App. 430, 434, 613 P.2d 187, *review denied*, 94 Wn.2d 1014 (1980). The issue here is not meritless. As discussed above, no Washington case has addressed whether a defendant waives the right to trial in juvenile court if it is not raised until trial, but before conviction or the entry of a guilty plea. The trial judge acknowledged that this case would probably be decided on appeal. While it is unfortunate that Anderson loses the opportunity to be tried as a juvenile as a result of the appeal, we cannot dismiss her case as the appeal was not frivolous. *See* RAP 18.9(c)(2).

---

[2]*Dillenburg*, 70 Wn.2d 331.

We affirm and remand.

COLEMAN and BECKER, JJ., concur.

Review denied at 131 Wn.2d 1009 (1997).