# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Jamal S. Winston

March 17, 1997

Case Nos. F-96-748, F-96-802

BY JUDGE DONALD W. LEMONS

The matter before the Court is the remand of these cases from the Court of Appeals of Virginia "for factual findings regarding [Winston's] age at the time of the alleged offenses and disposition as appropriate." Evidentiary hearings were held on February 5 and February 12, 1997.

The Court has before it evidence that the defendant stated his age as nineteen and his birthdate as August 6, 1976, to various officers at the time of his arrest. He also stated this birthdate in court before the Honorable Robert W. Duling, Circuit Court of the City of Richmond, on April 24, 1996. His mother stated his age as twenty in a proceeding before the Honorable L. A. Harris, Circuit Court of the County of Henrico, on September 26, 1996. The defendant must have also provided his attorney with this age, as his attorney repeatedly argued his age as nineteen during sentencing arguments in this case on May 2, 1996.

In contrast, the Court has received into evidence a birth certificate for Jameel Shaquan Winston dated August 6, 1978. The presentence report in this case lists two birthdates, August 6, 1976, and August 6, 1978. The presentence report also indicates that his juvenile records contain the 1978 birthdate under the name of Jameel. In this case the defendant indicated to the Court that his name was Jamal. In a proceeding before Judge Duling on January 17, 1997, he indicated his name was Jamel. The defendant's sister testified that his birthdate was in 1978. The defendant's mother asserted her Fifth Amendment privilege not to testify as to the defendant's age before this Court.

This defendant, and his family, have never told consistent stories regarding the spelling of defendant's name or his age and birthdate. This is reflected in an order of this Court, signed by the Honorable Robert W. Duling dated January 17, 1997.

Given the mandate of the Court of Appeals, this Court finds that the defendant's name is Jameel and his birthdate is August 6, 1978. However, for the reasons stated below, the Court denies the defendant's Motion to Dismiss.

Exclusive original jurisdiction involving charges against juveniles rests with the Juvenile and Domestic Relations District Court. A proceeding in violation of that jurisdiction must be set aside. *Humphreys v. Commonwealth,* 186 Va. 765 (1947); *Kent v. United States,* 383 U.S. 541 (1966). This is not absolute, however, as a juvenile over the age of fourteen may waive the jurisdiction of the Juvenile and Domestic Relations Court and proceed in Circuit Court. Va. Code Ann. § 16.1-270.

The question before the Court is whether a defendant's willful misrepresentation of his age to the police, the court, and counsel acts as a waiver of jurisdiction. In answering that question in the affirmative, the Court must consider the case of *Penn v. Peyton,* 270 F. Supp. 981 (W.D. Va. 1967). In *Penn,* a habeas corpus proceeding, the court denied the petition finding that "the petitioner waived his right to the statutory investigation by misrepresenting to the trial court that he was 18 years of age." *Id.* at 984.

This is in accord with the decisions of courts in other states. For example, an Illinois appellate court, in *People v. Fox,* 630 N.E.2d 1206, 1208 (Ill. App. 1 Dist. 1994), stated:

> [D]efendant misrepresented his age to the police and a probation officer and never made his age an issue until after he was found guilty. Defendant will not be permitted to proceed through adult criminal proceedings then demand a new trial in juvenile court upon an unfavorable outcome.

In this case, it appears that defense counsel was in contact with the defendant's family throughout the proceedings, yet the defendant's age was not brought up until after the conviction. This is similar to the case of *Sheppard v. Ray,* 440 P.2d 422, 426 (Wash. 1968), where the Supreme Court of Washington stated:

> As a result of his own willful and deceptive acts, and because his own counsel (who had been in contact with his guardian) did not raise the

question, petitioner must be held to have waived his rights to have been treated as a juvenile.

*See also Twyman v. State*, 459 N.E.2d 705, 711 (Ind. 1984) ("Having perpetrated a fraud upon the criminal court ... appellant is estopped from raising the issue in the postconviction proceeding.")

The consequences of granting the Motion to Dismiss would be enormous:

> To hold otherwise would place an unconscionable burden on the state courts. To uphold petitioner's contention would require state courts to conduct an independent investigation to determine the true age of every defendant. Any minor defendant would be able to take his chances on being tried as an adult, and then if unsatisfied with the result, the minor could assert his minority and have the conviction set aside.

*Penn*, 270 F. Supp at 984.

While the Court finds, based on a preponderance of the evidence, that the defendant in this case was under the age of eighteen when the offense was committed, the defendant willfully misrepresented his age and therefore waived the jurisdiction of the Juvenile and Domestic Relations Court. The Motion to Dismiss is denied, and the defendant is remanded to the custody of the Sheriff to complete his sentence.

### Order

On February 12, 1997, the defendant was led to the bar in the custody of the Sheriff of this City, and also came David Lett, the defendant's court-appointed attorney. The Commonwealth was represented by Pamela Evans.

By Order of the Court of Appeals of Virginia dated November 20, 1996, this matter was remanded to this Court for factual findings regarding appellant's age at the time of the alleged offenses and disposition as appropriate.

Arguments of counsel having been heard, the Court, for reasons stated in its letter opinion dated this day finds the defendant's age to be seventeen at the time of the alleged offenses.

This Court further finds, as stated in its opinion, that the defendant waived his rights to appear before the Juvenile and Domestic Relations District Court

and that this Court properly had jurisdiction over the defendant in this matter. Accordingly, the Court denies the Motion to Dismiss.

The defendant is remanded to the custody of the Sheriff to be delivered to the Department of Corrections.