[No. 25447-6-II.   Division Two.   March 23, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. MARCELINO MENDOZA-LOPEZ, *Appellant*.

*Russell R. Abrutyn* and *Antonio Salazar* (of *Salazar Law Offices*), for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Steven O. Merrival, Deputy*, for respondent.

HOUGHTON, J. — Marcelino Mendoza-Lopez pleaded guilty to conspiracy to deliver a controlled substance. He claims he was a minor at the time he pleaded guilty. Although he gave a birth date that showed he was a minor when cited by the police and told the trial court he was 17 years old, the trial court accepted his guilty plea in the adult division of the superior court without holding a declination hearing. Mendoza-Lopez did not object until three years later when he moved to vacate his conviction. The trial court denied the motion. We reverse and remand for further proceedings.

## FACTS

Mendoza-Lopez produced a birth certificate showing he was born in Mexico on August 6, 1978. In March 1996, he was stopped and ticketed in Pierce County for driving without a valid license. At that time, Mendoza-Lopez gave the trooper a Washington identification card that gave his birth date as August 6, 1978. Apparently, because Mendoza-Lopez said he was the registered owner of the car, the trooper presumed Mendoza-Lopez was over 17 years old and therefore wrote Mendoza-Lopez's birth date as August 6, 1976. Mendoza-Lopez signed this ticket.

Mendoza-Lopez did not appear at a hearing on this ticket and a warrant was issued. The police arrested Mendoza-Lopez on that warrant and found drugs on his person. Relying upon Mendoza-Lopez's birth date on the ticket, the State charged Mendoza-Lopez with conspiracy to deliver a controlled substance as an adult.

Two months later, Mendoza-Lopez pleaded guilty to conspiracy to deliver a controlled substance. The plea hearing took place in the adult division of superior court, not juvenile court. Mendoza-Lopez had an interpreter at this hearing. On the plea form, which was in Spanish and English, Mendoza-Lopez wrote that he was 17 years old. At the hearing, he affirmed to the trial court that all of his statements on that form were true. The trial court, after colloquy with Mendoza-Lopez, during which Mendoza-Lopez's age was not raised, accepted the plea. The trial court then heard sentencing recommendations. During his recommendation, defense counsel averred that Mendoza-Lopez was 19 years old and Mendoza-Lopez did not correct his attorney. The trial court did not inquire about the discrepancy between Mendoza-Lopez's and his attorney's averments.

In the fall of 1998, Mendoza-Lopez made several court appearances during which he did not allege that he had been only 17 years old when he pleaded guilty. Finally, in May 1999, Mendoza-Lopez filed a petition to vacate his

conviction, alleging that the trial court did not have jurisdiction to accept the plea because he had been a juvenile when he pleaded guilty and a juvenile court had not declined jurisdiction.[1]

The same court that accepted the plea held a hearing in June 1999. After argument, the court ruled that Mendoza-Lopez had waived his right to a declination hearing by not asserting this right earlier. The court then allowed Mendoza-Lopez to make an offer of proof to preserve the record for appeal. Mendoza-Lopez testified, offered his birth certificate, and made an offer a proof from his cousin, all establishing his birth date as August 6, 1978. In response, the State called the trooper who had originally ticketed Mendoza-Lopez. The trooper admitted that Mendoza-Lopez gave him the identification card providing that his birth date was August 6, 1978 (making him a juvenile). After this hearing, the trial court entered findings of fact and conclusions of law supporting its decision not to vacate the conviction because of waiver. The trial court did not enter a finding of fact as to Mendoza-Lopez's age. Mendoza-Lopez appeals the trial court's denial of his motion to vacate.

## ANALYSIS

■■ When the State wishes to try a defendant who is under 18 years old, the State must try the underage defendant in the juvenile division of the superior court, or have the juvenile court decline jurisdiction and transfer the case to the adult division of the superior court.[2] RCW 13.40.110; *see also State v. Anderson*, 83 Wn. App. 515, 518, 922 P.2d 163 (1996), *review denied*, 131 Wn.2d 1009 (1997). The juvenile court must hold a hearing to decline jurisdiction over the underage defendant. *Anderson*, 83 Wn. App. at 518. Absent a declination hearing, the adult division of the

---

[1] When Mendoza-Lopez filed this motion, he was facing federal gun possession charges and the drug conviction was the predicate crime.

[2] Unless the defendant is charged with certain crimes not at issue on this appeal. *See* RCW 13.04.030(1)(e)(v).

superior court does not have jurisdiction to hear the case. *Anderson*, 83 Wn. App. at 518. If a defendant is denied his or her right to a declination hearing and convicted as an adult, absent waiver, the reviewing court should order a de novo declination hearing.[3] *Anderson*, 83 Wn. App. at 521-22.

██ An underage defendant waives his or her statutory right to a declination hearing when the defendant willfully deceives the trial court into believing that he or she is more than 17 years old and does not correct this deception until after being found guilty. *Sheppard v. Rhay*, 73 Wn.2d 734, 739-40, 440 P.2d 422 (1968); *Nelson v. Seattle Mun. Court*, 29 Wn. App. 7, 10, 627 P.2d 157, *review denied*, 96 Wn.2d 1001 (1981). Application of the waiver rule precludes trial courts from having to undertake their own investigation in every case to determine the defendant's age. *Sheppard*, 73 Wn.2d at 740. Moreover, if courts did not allow waiver, it would create an incentive for juvenile defendants to lie about their ages because if found guilty, the juvenile defendants could then raise the issue and potentially obtain new trials. *Sheppard*, 73 Wn.2d at 740.

For example, in *Sheppard*, the defendant, who had a long criminal history, willfully deceived the trial court into believing he was 18. He also signed two sworn documents attesting to his false age. Then, almost nine years later, he asserted his right to a declination hearing. The Supreme Court held that "[a]s a result of his own willful deceptive acts" the defendant had waived his right to a declination hearing. *Sheppard*, 73 Wn.2d at 739.

Similarly in *Nelson*, the defendant gave a false name and age when arrested in hopes of avoiding the detection of her juvenile record. Then, while out on probation, she was arrested again. In an attempt to avoid the imposition of her sentence, she admitted her true age and identity and asked the trial court to vacate her conviction because she had been denied her right to a declination hearing. The trial

---

[3] Unless the defendant is over 17 years old at the time of the hearing, this hearing should be in juvenile court. *See Anderson*, 83 Wn. App. at 522.

court refused to vacate the conviction and the appellate court affirmed. It held that she had waived her right to a declination hearing through her "intentionally deceptive conduct." *Nelson*, 29 Wn. App. at 10.

In contrast, in *State v. Anderson* the appellate court held that a juvenile defendant had not waived her right to a declination hearing. *Anderson*, 83 Wn. App. at 520-21. In that case, the defendant originally gave the police a false birth date and then signed several documents containing this false birth date. But finally, during voir dire, she asserted that she was a juvenile. Because her case was linked with two other defendants, the trial court let the trial proceed, but said it would dismiss the charge for lack of jurisdiction if the defendant produced evidence showing she was only 17 years old. After the jury returned a guilty verdict, the defendant established that she was 17 years old and the trial court vacated the conviction. The State appealed, alleging she had waived her right to a declination hearing by not raising the issue before arraignment. The appellate court disagreed and held that because she raised the issue before jeopardy attached, she had not waived her right to a declination hearing. *Anderson*, 83 Wn. App. at 520-21. The court distinguished this case from *Sheppard* and *Nelson* based upon the defendant's timely assertion and the lack of any evidence that the defendant had willfully attempted to deceive the State. *Anderson*, 83 Wn. App. at 519-21.

The case at bar falls somewhere between *Sheppard* and *Nelson* on the one hand and *Anderson* on the other. First, Mendoza-Lopez did not assert his right to a declination hearing until well after jeopardy attached—almost three years after he pleaded guilty. This makes the case more like *Sheppard*. Moreover, Mendoza-Lopez appears to have a motive for raising the issue when he did—he is facing federal gun charges that require a predicate crime. This makes the case like *Nelson*, where the defendant raised the issue to avoid serving her adult sentence. But unlike the defendants in *Sheppard* and *Nelson*, Mendoza-Lopez never

"willfully deceived" the court about his age. In fact, in the two instances when he was directly called upon to give his age, he asserted that he was 17 years old. When the officer asked for his identification, Mendoza-Lopez gave him an identification card that showed his birth date was August 6, 1978. When Mendoza-Lopez filled out the plea form, he wrote that he was 17 years old. Like the defendant in *Anderson*, there was no factual determination nor any evidence indicating that Mendoza-Lopez was trying to deceive the court. Although Mendoza-Lopez did not speak up when his attorney told the court he was 19 years old, this easily could have been a mistake, especially considering that Mendoza-Lopez had to have an interpreter. Moreover, it was incumbent upon the trial court to inquire about the discrepancy.

Finally, applying the waiver rules here would not serve the purposes the Supreme Court originally relied on to justify the waiver rules in *Sheppard*. As noted, there the court held that allowing for a waiver (1) relieves trial courts of the heavy burden of carrying out independent investigations to determine defendants' ages and (2) prevents underage defendants from gambling on a not guilty verdict in an adult trial and then, if found guilty, getting a second chance in juvenile court. *Sheppard*, 73 Wn.2d at 740. Here, the court needed only to look at the plea form to determine that there was an issue about Mendoza-Lopez's age and inquire further. Moreover, Mendoza-Lopez pleaded guilty so he was not gambling on an outcome, trying to take advantage of an oversight. Thus, we hold that (1) because Mendoza-Lopez gave his birth date as August 6, 1978, when first arrested, (2) because he gave his age as 17 years old to the trial court when pleading guilty, and (3) because there is no evidence showing that he attempted to willfully deceive the court about his age, Mendoza-Lopez did not waive his right to a declination hearing.

The State suggests that Mendoza-Lopez had a motive to deceive the court and, as evidence, it points to fake identification documents Mendoza-Lopez had at his apartment

when he was arrested on the gun charges. This argument fails because if Mendoza-Lopez had a motive, he would not have given his age as 17 years old to the police or the court. Thus, we remand this case for further proceedings.

██ ██ On remand, the trial court should first hold a hearing to determine Mendoza-Lopez's age. At that hearing, Mendoza-Lopez bears the burden of producing objective documentation verifying his age.[4] *See State v. Sandomingo*, 39 Wn. App. 709, 712, 695 P.2d 592 (1985). It will then become the State's burden to discredit these records if the State wishes to challenge Mendoza-Lopez's age. *See Sandomingo*, 39 Wn. App. at 712 & n.1.[5]

If the court finds that Mendoza-Lopez was 17 years old when he pleaded guilty, the court should then hold a declination hearing. *See Anderson*, 83 Wn. App. at 521-22. In that de novo hearing, the trial court should follow the dictates of RCW 13.40.110 and determine whether it is in the best interests of the juvenile or public for the juvenile courts to decline jurisdiction.[6] If it decides that the juvenile court should have declined jurisdiction, then Mendoza-Lopez's conviction stands. *See Dillenburg v. Maxwell*, 70 Wn.2d 331, 355, 413 P.2d 940, 422 P.2d 783 (1966), *cert. denied*, 386 U.S. 998 (1967). If it decides the juvenile court would not have declined jurisdiction, then it should vacate Mendoza-Lopez's conviction and hold a new trial. *See Dillenburg*, 70 Wn.2d at 355-56. In this new trial, the court should try Mendoza-Lopez as an adult in superior court if

---

[4] Records currently in the court file, including Mendoza-Lopez's birth certificate, may be sufficient to satisfy this burden of production.

[5] In *Sandomingo*, the court ruled that when there is a reasonable basis for believing a defendant is over 17 years old and "the State has no means of verifying [the defendant's] claim[]," the burden is on the defendant to establish his age. *Sandomingo*, 39 Wn. App. at 712. For authority, the court cited a federal case that held, absent records that establish the defendant's age, the burden "shifts" to the defendant to convince the trial court he or she is a minor. *Sandomingo*, 39 Wn. App. at 712 n.1 (citing *United States v. Alvarez-Porras*, 643 F.2d 54 (2d Cir.), *cert. denied*, 454 U.S. 839 (1981)). Implicit in this analysis is that when records are offered at trial establishing the defendant's age, it is the State's burden to prove the defendant is really over 17 years old.

[6] The court should consider only facts that were known at the time Mendoza-Lopez pleaded guilty—not any of the facts that have later come to light.

he is now over 17 years old. *See Dillenburg*, 70 Wn.2d at 355-56; *see also In re Boot*, 130 Wn.2d 553, 575, 925 P.2d 964 (1996); *State v. Calderon*, 102 Wn.2d 348, 351-52, 684 P.2d 1293 (1984).

Reversed and remanded for further proceedings consistent with this opinion.

MORGAN and SEINFELD, JJ., concur.