### Ex parte Jimmy Don HUNT.

### No. 66394.

Court of Criminal Appeals of Texas, En Banc.

April 8, 1981.

---

1. *Chambers* would allow this conviction to stand because the State had not used all of its peremptory strikes.

Louis Crump, Dist. Atty., Christine Byrd Webb, Asst. Dist. Atty., Burnet, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is a post conviction habeas corpus proceeding. The petitioner was convicted in Cause No. 4601 and Cause No. 4603 in the 33rd District Court of San Saba County for two burglaries. He now claims that he was a juvenile only sixteen years old when he committed these offenses. Since these cases were not treated as juvenile cases the petitioner says the court did not have jurisdiction and his convictions for the felony offenses as an adult are void.

■ The record is clear that the appellant was a juvenile when he committed the offense for which he was convicted in Cause No. 4601 and under the holding in *Ex parte Redmond*, 605 S.W.2d 600 (Tex.Cr.App. 1980), he is entitled to the relief he seeks in Cause No. 4601.

■ As for Cause No. 4603, the evidence in the habeas corpus proceeding shows that the petitioner became seventeen years old on May 31, 1980. The indictment under which he was convicted was returned by the Grand Jury on August 5, 1980. It was alleged in the indictment that the offense was committed on or about May 19, 1980. However, the evidence shows that the offense was committed on June 19, 1980, not on the date alleged. Since the proof shows that the petitioner was seventeen years old when the offense was committed he was not a juvenile when he committed the offense and he is not entitled to the relief he seeks in Cause No. 4603. *Ex parte Redmond*, supra.

The relief sought in Cause No. 4601 is granted, but the relief sought in Cause No. 4603 is denied.