**Hieu NGUYEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–86–0550–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 23, 1987.

Stanley G. Schneider, Grant Hardeway, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Becky Gardner, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and LEVY and SAM BASS, JJ.

## OPINION

LEVY, Justice.

Appellant was charged with burglary of a habitation and placed on deferred adjudication. He was later charged with aggravated robbery, and a motion to adjudicate guilt on the burglary charge was then filed. After a hearing, the trial court adjudicated the appellant guilty and assessed appellant's punishment at 75 years confinement.

Appellant brings one point of error contending that appellant's misrepresentation of his true age, which resulted in his conviction as an adult, did not constitute a valid waiver of his statutory right to be tried as a juvenile, and therefore, the district court lacked jurisdiction to determine his guilt.

The issue of appellant's "true age" was first raised in a motion for new trial. Appellant testified that he was "about sixteen" and was born on February 2, 1970. He testified that he hired a lawyer in 1985 to change his birth date from February 2, 1970, to February 2, 1967, in order for appellant to be eligible to obtain a driver's license and to find a job. Appellant testified that he was lying when he obtained documents that altered his birthday. Appellant admitted that it was not until he received a 75-year prison sentence that he came forward with his juvenile "status." Appellant's father and mother also testified that appellant was born in 1970, not 1967. The lawyer who allegedly arranged for the documents to be altered was not subpoenaed.

Several contradictory documents were introduced in evidence. Appellant offered a document entitled "Memorandum of Creation of Record of Lawful Permanent Residence" dated August 23, 1983, which shows February 2, 1970, as appellant's birthday. But the State also produced several documents indicating appellant's birthday. An "Application by a Lawful Permanent Resident for an Alien Registration Receipt Card" shows that appellant requested "correction of DOB from 02–02–70 to 02/02/67." The State also introduced into evidence an ostensibly Vietnamese birth certificate and translation. The birth certificate shows a birth date of February 2, 1967.

Appellant cites several cases involving misrepresentations by juveniles. Reliance on these cases is misplaced because in each case the misrepresentation was clear from the record.

In *Ex parte Hunt*, 614 S.W.2d 426 (Tex. Crim.App.1981), the court held that the record clearly showed that the appellant was a juvenile in one of the offenses charged. In *Ex parte McCullough*, 598 S.W.2d 272 (Tex.Crim.App.1980), the court stated:

At the time of his conviction in the three felonies, petitioner represented that he was nineteen years of age. It now appears from the record, however, that petitioner was only fifteen years old when

he was convicted of the felonies in district court.

In *Ex parte Redmond,* 605 S.W.2d 600 (Tex.Crim.App.1980), the court stated:

> The trial court has entered findings of fact and conclusions of law which state that the petitioner did misrepresent his age to the court and that petitioner did not become 17 years old until October 19, 1978.

In *Bannister v. State,* 552 S.W.2d 124 (Tex.Crim.App.1977), the defendant gave her age as 19 or 20 and told her court-appointed counsel that she was 22. Her counsel subsequently offered a birth certificate reflecting her juvenile status.

In each of these cases, the "true" age of the defendant was clear and beyond dispute. The record is not clear in this case. Appellant testified that a Houston lawyer arranged for the various documents to be altered, but the lawyer did not testify and was not subpoenaed. Appellant did not come forward with his "true" age until he received a 75–year prison sentence. The prison sentence provided ample motivation for appellant to claim that his true age was 16, but various other documents indicated that he was 19 and not 16.

The trial judge, as the trier of facts, was free to disbelieve and reject all or any part of the testimony of the witnesses. *McCartney v. State,* 542 S.W.2d 156, 162 (Tex.Crim.App.1976). There is conflicting evidence on the issue, and we conclude that the court did not abuse its discretion in overruling the motion for new trial. *Moreno v. State,* 587 S.W.2d 405 (Tex.Crim.App. 1979). Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.